STATE EMPLOYMENT RELATIONS BOARD, APPELLANT,
*v.* WARREN COUNTY SHERIFF, APPELLEE.

[Cite as *State Emp. Relations Bd. v. Warren Cty. Sheriff* (1992), 63 Ohio St.3d 69.]

(No. 90–1685—Submitted October 9, 1991—Decided February 19, 1992.)

72

*Lee I. Fisher,* Attorney General, and *Barbara A. Serve,* for appellant.
*Wood & Lamping, Paul R. Berninger* and *Mark R. Fitch,* for appellee.

SWEENEY, J. The central question presented for our consideration concerns the precise method by which a proceeding to determine the existence of an unfair labor practice is commenced. The basis for the appellate court's reversal of the SERB order was a determination that, upon the filing of an unfair labor practice charge, the agency is precluded from considering conduct of the employer which occurs thereafter. This holding is unsupportable by the law. R.C. 4117.12 governs the initiation of an administrative investigation of an unfair labor practice. R.C. 4117.12(B) provides in relevant part:

"When anyone *files a charge* with the board alleging *that an unfair labor practice has been committed,* the board or its designated agent shall investigate the charge. * * *" (Emphasis added.)

Consequently, what initiates the investigatory process is the filing of a charge "that an unfair labor practice has been committed[.]" The charge therefore involves the allegation of a violation of law, not the recitation of particular incidents which give rise to the violation. In the case at bar, appellee was charged with violations of R.C. 4117.11(A)(1) and (3), which provide:

"It is an unfair labor practice for a public employer, its agents, or representatives to:

"(1) Interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Chapter 4117. of the Revised Code or an employee organization in the selection of its representative for the purposes of collective bargaining or the adjustment of grievances;

" * * *

"(3) Discriminate in regard to hire or tenure of employment or any term or condition of employment on the basis of the exercise of rights guaranteed by Chapter 4117. of the Revised Code. * * *"

It was the contention of the charging party at the time the charge was filed that Sulfsted was being interfered with and discriminated against because of his union activities. In support of these allegations, the charge cited prior incidents of interference and discrimination which, it was contended, evidenced an anti-union animus on the part of appellee. These incidents alone are sufficient to provide the evidentiary foundation for the SERB order. R.C. 4117.13(D) governs the standard of review to be applied to a determination of SERB. It provides in relevant part:

"The court [of common pleas] has exclusive jurisdiction to grant the temporary relief or restraining order it considers proper, and to make and enter a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the board. *The findings of the board as*

*to the facts, if supported by substantial evidence on the record as a whole, are conclusive."* (Emphasis added.)

In *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260, 533 N.E.2d 264, 266, this court observed that review under R.C. 4117.13(D) is extremely deferential to factual determinations by the agency:

"* * * Such disputes are properly determined by SERB, which was designated by the General Assembly to facilitate an amicable, comprehensive, effective labor-management relationship between public employees and employers. *State, ex rel. Dayton Fraternal Order of Police Lodge No. 44, v. State Emp. Relations Bd.* (1986), 22 Ohio St.3d 1, 5, 22 OBR 1, 4, 488 N.E.2d 181, 184–185. As long as SERB's decision on such matters is supported by substantial evidence, it must be affirmed. Courts should not be required to intervene in every factual dispute between contesting parties."

It is therefore apparent that incidents occurring prior to the filing of the charge were substantial evidence that an unfair labor practice had occurred. Consideration of events occurring after the filing of the charge would therefore be mere surplusage.

Nevertheless, the contention of appellee that such incidents could not be considered is without foundation. As an initial matter, R.C. 4117.12(B) and Ohio Adm.Code 4117–7–01(A) clearly indicate that a "charge" merely initiates the investigatory process which may involve other incidents that have occurred subsequent to the filing thereof. In this regard, Ohio Adm.Code 4117–7–01(A) provides:

*"A charge that an unfair labor practice* has been or *is being committed may be filed by any person.* Such charge shall be filed with the board within ninety days after the alleged unfair labor practice was committed. * * * "* (Emphasis added.)

It is readily apparent that this section presumes that unfair labor practices may be of a continuing nature and may involve incidents occurring after the filing of the charge. Moreover, Ohio Adm.Code 4117–7–02(A) provides:

"Investigation of charges *shall be limited to the facts and issues* raised in the charge and *any facts or issues reasonably related to the charge.* If the board determines that it has probable cause for believing that an unfair labor practice has been or *is being committed,* it shall direct issuance of a complaint and cause the complaint to be served upon the charged party." (Emphasis added.)

The limiting language of Ohio Adm.Code 4117–7–02(A) clearly dovetails with the provisions of R.C. 4117.11 and 4117.12 that a "charge" is restricted to the particular course of conduct which gives rise to a violation under R.C.

4117.11. For example, a charge alleging a violation of R.C. 4117.11(A)(1) will not permit a SERB investigation of a violation of R.C. 4117.11(A)(2), but SERB may investigate further incidents which support the allegation of a violation of the former subsection.

A second deficiency in the analysis of the appellate court is its apparent conclusion that the filing of the charge initiates the adjudicatory process. The proceeding before the hearing examiner is initiated only through the issuance of a complaint by SERB after its determination that probable cause for the finding of a violation has been established. Thus, any conduct occurring before the issuance of the complaint on April 17, 1987 may be considered by the hearing examiner. Accordingly, the incidents occurring in 1986 were a legitimate basis for the complaint and were properly considered by the hearing officer.

Finally, we reject the conclusion of the appellate court that the October 1984 reinstatement of Sulfsted pursuant to the proceedings before the State Personnel Board of Review ("PBR") precluded SERB's consideration of the incidents precipitating the discharge and subsequent reinstatement. Any action taken in the PBR proceeding has no effect on the proceedings before SERB—an independent agency charged with a completely different statutory responsibility. To suggest that reinstatement of an employee by PBR divests SERB of jurisdiction to consider whether the conduct giving rise to the disciplinary action was an unfair labor practice misapprehends the distinct nature of the functions performed by each agency. At best, reinstatement merely reduces the amount of damages which would have otherwise been awarded.

We therefore conclude that an adjudicatory proceeding to determine whether an unfair labor practice has been committed is commenced by the issuance of a complaint by SERB pursuant to R.C. 4117.12(B). Any incidents which occur prior to the issuance of the complaint may be considered by SERB in determining whether an unfair labor practice has been committed.

The final issue for our determination concerns the Warren County Common Pleas Court's reduction of the back pay award from four years to two years. Appellant cross-appealed this determination to the court of appeals which, by reversing the order in its entirety, affirmed the reduction. The subsequent appeal of the appellate court's determination to this court preserves the issue for our review.

The basis for the common pleas court's decision to reduce the award was the delay by the agency and Sulfsted in issuing the complaint and adjudicating the unfair labor practice. However, this delay cannot be imputed to Sulfsted, who was not even a party to the proceeding. There is no more basis for doing

so than there is for penalizing a plaintiff in the amount of his prejudgment interest because of the time it takes the trial court to schedule his case for trial. See, generally, *Candee v. Webster* (1859), 9 Ohio St. 452. In short, the delay by SERB was not caused by any action or inaction by Sulfsted. The charge was filed within ninety days of the incident giving rise to it in accordance with R.C. 4117.12(B). The time SERB took to issue and resolve the complaint was beyond Sulfsted's control. Inasmuch as there was substantial evidence supporting the finding of an unfair labor practice and the remedy provided therefor, the affirmance of the trial court's modification of the award must be reversed.

While we conclude that the tolling of the back pay award for the period that the unfair labor practice charge was pending was error, we are cognizant of the fact that during the period encompassed by the award Sulfsted was employed for approximately one year by the Ohio Conference of Teamsters. Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to SERB with instructions to reduce the award by an amount equal to the compensation realized by Sulfsted during the period of his employment with the Teamsters.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.

DOUGLAS, J., concurring. I concur in all respects with Justice Sweeney's well-reasoned majority opinion. I write separately for the sole purpose of raising one important question.

In the case at bar, the State Employment Relations Board ("SERB") issued a complaint having found probable cause to believe that unfair labor practices had been committed by the Warren County Sheriff. The facts in this case are outrageous and SERB clearly had cause to issue the complaint. But what would William Sulfsted's remedy have been if SERB had determined (for whatever reason) that there was *no* probable cause to believe that an unfair labor practice had been committed and, therefore, failed to issue a complaint in this matter? In *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME, AFL–CIO v. Dayton City School Dist. Bd. of Edn.* (1991), 59 Ohio St.3d 159, 572 N.E.2d 80, syllabus, a majority of this court held that "[a] decision by the State Employment Relations Board whether or not to issue a complaint in an unfair labor practice case is not reviewable pursuant to R.C. Chapter 119 or R.C. 4117.02(M) and 4117.13(D)."

I dissented in *Chapter 643, AFSCME*, and the case at bar makes my point, set forth in the dissent, that a three-person administrative board should not have the absolute and ultimate power to make a final determination that is in no way reviewable by the courts—especially when that ruling determines the action, prevents a judgment and affects a substantial right. *Id.* at 162–166, 572 N.E.2d at 84–87. Unless and until this court recognizes the right of an aggrieved party (be it employer, employee or employee organization) to appeal a finding of SERB of *no* probable cause or provides, through an action in mandamus, some remedy for such orders of SERB to be subjected to judicial review, this patently unfair situation will continue to exist.