[This opinion has been published in *Ohio Official Reports* at 66 Ohio St.3d 157.]

THE STATE EX REL. GLASS, MOLDERS, POTTERY, PLASTICS & ALLIED WORKERS INTERNATIONAL UNION, LOCAL 333, AFL-CIO, CLC, APPELLEE, *v.* STATE EMPLOYMENT RELATIONS BOARD, APPELLANT.

[Cite as *State ex rel. Glass, Molders, Pottery, Plastics & Allied Workers Internatl. Union, Local 333, AFL-CIO, CLC v. State Emp. Relations Bd.*, 1993-Ohio-113.]

*State Employment Relations Board—SERB's conclusion that a proposed bargaining unit was inappropriate is an abuse of discretion, when— Conclusion not supported by any evidence and is arbitrary and capricious.*

(No. 92-211—Submitted February 3, 1993—Decided April 21, 1993.)

APPEAL from the Court of Appeals for Franklin County, No. 91AP-628.

———————————

{¶ 1} On December 21, 1990, relator-appellee, Glass, Molders, Pottery, Plastics & Allied Workers International Union, Local 333, AFL-CIO, CLC ("GMPP") filed a "request for recognition" with respondent-appellant, State Employment Relations Board ("SERB"), in which GMPP sought to be recognized as the exclusive representative of a proposed bargaining unit of employees of the Columbiana County Auditor ("Auditor"). On the request for recognition form provided by SERB, GMPP described the proposed unit as "All Clerical Employees," consisting of fourteen persons.

{¶ 2} On December 28, 1990, SERB sent the Auditor a letter asking him to provide SERB with a list of the names of the employees in the proposed bargaining unit. On January 7, 1991, the Auditor filed with SERB a list of employees which stated that the proposed bargaining unit would consist of "All Clerical Staff." The list contained fourteen names.

**{¶ 3}** The parties have stipulated that on February 1, 1991, a SERB administrator presented the case to SERB for its consideration and recommended to SERB that it certify GMPP as the exclusive representative. The administrator, in the memorandum to SERB, advised SERB that the substantial evidence was sufficient, that no objections had been filed by the employer, and that the employer had complied with the posting requirements.

**{¶ 4}** On May 21, 1991, SERB issued its opinion and order, stating that the request for recognition had been dismissed because GMPP's unit description "lacks the necessary specificity." SERB found the bargaining unit inappropriate because GMPP had not included a description of specific job titles.

**{¶ 5}** GMPP filed a mandamus action in the Franklin County Court of Appeals. The court of appeals granted the writ of mandamus, holding that SERB's conclusion that the proposed bargaining unit was inappropriate was not supported by any evidence and was arbitrary and capricious and, hence, an abuse of discretion.

**{¶ 6}** The cause is now before this court upon an appeal as of right.

———————————

*Stewart Jaffy & Associates Co., L.P.A.*, *Stewart R. Jaffy* and *Marc J. Jaffy*, for appellee.

*Lee I. Fisher*, Attorney General, *Joseph M. Oser* and *Vincent T. Lombardo*, Assistant Attorneys General, for appellant.

———————————

**FRANCIS E. SWEENEY, SR., J.**

**{¶ 7}** SERB argues that there is substantial evidence in the record to support its decision that the bargaining unit was inappropriate pursuant to R.C. 4117.05(A)(2)(b)(iv). Specifically, SERB contends the bargaining unit was inappropriate on the ground that the description of the unit lacked specific job titles. We reject this contention and affirm the decision of the court of appeals granting appellee's request for a writ of mandamus.

{¶ 8} In order for a writ of mandamus to issue, a relator must demonstrate (1) that he or she has a clear legal right to the relief prayed for, (2) that respondents are under a corresponding clear, legal duty to perform the requested acts, and (3) that the relator has no plain and adequate legal remedy. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 29, 6 OBR 50, 50-51, 451 N.E.2d 225, 227.

{¶ 9} Mandamus is an appropriate remedy where no statutory right of appeal is provided to correct an abuse of discretion in administrative proceedings. *State ex rel. Breno v. Indus. Comm.* (1973), 34 Ohio St.2d 227, 63 O.O.2d 378, 298 N.E.2d 150. Because there was no direct right of appeal from SERB's determination in the present case, mandamus was the appropriate remedy. See R.C. 4117.06(A).

{¶ 10} R.C. 4117.06 vests SERB with the authority to determine an appropriate unit for bargaining. However, in cases of an employee organization's request for recognition as a unit's exclusive representative, R.C. 4117.05(A)(2)(b)(iv) specifies that SERB shall certify the organization filing the request unless SERB receives substantial evidence that the proposed unit is not an appropriate proposed unit pursuant to R.C. 4117.06. Thus, R.C. 4117.05 puts the burden of proof on the one who objects to the proposed unit to put forth substantial evidence that the unit is not an appropriate unit.

{¶ 11} In the present case, the employer filed no objections to the proposed bargaining unit. While SERB has the discretion to *sua sponte* dismiss the request for recognition on the ground that the description of the bargaining unit lacks specificity, SERB may not abuse its discretion by acting arbitrarily, unreasonably, or unconscionably. See R.C. 4117.05(A)(2); *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

{¶ 12} SERB asserts that substantial evidence of inappropriateness was demonstrated by GMPP's description of the bargaining unit merely as "All Clerical Employees," fourteen in number, and GMPP's failure to state specific job titles.

However, the form provided by SERB for filing a recognition request required the applicant only to "use job titles where applicable." Thus, the designation of specific job titles was mandatory only "where applicable." Furthermore, even if job titles were always mandatory, GMPP showed substantial compliance by naming "All Clerical Employees," as the stipulations strongly suggest that all employees of the proposed bargaining unit were clerical workers.[1] Moreover, if SERB's certification of GMPP hinged on the specificity of job titles, SERB should have required such information on its form or requested it in subsequent correspondence with GMPP instead of outright dismissing the request for recognition. Finally, since there is no evidence that any employees objected to the bargaining unit, or any fact relevant to appropriateness under R.C. 4117.06, SERB had no basis for concluding pursuant to R.C. 4117.05(A)(2)(b) that the unit described in the request for recognition was not appropriate.

**{¶ 13}** For the foregoing reasons, we find that SERB's conclusion that the proposed bargaining unit was inappropriate was not supported by substantial evidence and was a clear abuse of discretion. Accordingly, we affirm the court of appeals' judgment granting the writ ordering SERB to certify GMPP as the exclusive representative for the bargaining unit consisting of all the clerical employees of the Columbiana County Auditor's Office.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK AND PFEIFER, JJ., concur.

---

1. The parties' stipulations provide in pertinent part:

"(3) The Employee Organization submitted fourteen (14) valid authorization cards with the request for recognition.

"(4) In response to a letter from SERB dated 12/28/90, on January 7, 1991 the Employer submitted a list of employees which contained fourteen (14) names.

"(5) SERB's Administrator of Representation compared the authorization cards to the list of employees provided by the employer and certified to SERB that 100% of the employees in the proposed unit had signed authorization cards."

---

**DOUGLAS, J., concurring.**

{¶ 14} I concur with Justice Francis Sweeney's well-reasoned opinion for the majority. I write separately for the sole purpose of emphasizing that *all* of the State Employment Relation Board's ("SERB's") final orders should be subject to some meaningful judicial review. Today's majority apparently adopts this position in observing that mandamus is a proper remedy to correct an abuse of discretion by SERB when SERB's final orders are not otherwise directly appealable to the courts.

{¶ 15} In a series of cases beginning with *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME, AFL-CIO v. Dayton City School Dist. Bd. of Edn.* (1991), 59 Ohio St.3d 159, 572 N.E.2d 80, I have advocated that SERB, a three-person administrative board, should not be granted the absolute and ultimate power to make final determinations which are in no way reviewable by the courts -- particularly where, as here, the ruling affects a substantial right, determines the action, and prevents a judgment. *Id.* at 162-166, 572 N.E.2d at 84-87 (Douglas, J., dissenting). See, also, *State Emp. Relations Bd. v. Warren Cty. Sheriff* (1992), 63 Ohio St.3d 69, 76-77, 584 N.E.2d 1211, 1217. (Douglas, J., concurring); *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 508-512, 589 N.E.2d 24, 31-34 (Douglas, J., concurring); and *State ex rel. Ohio Assn. of Pub. School Emp./AFSCME, AFL-CIO v. State Emp. Relations Bd.* (1992), 64 Ohio St.3d 149, 154-155, 593 N.E.2d 288, 292-293 (Douglas, J., concurring). The case at bar illustrates the point I made in my dissenting opinion in *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME, supra* (and in my above-cited concurring opinions), that granting SERB the absolute and ultimate power to finally determine the rights of the parties without some judicial review presents a potential for abuse of that power which is too great to ignore. Thus, as the majority so ably notes, where there is no statutory right to appeal a final determination of SERB, SERB's final orders must be subject to challenge by way of an action in mandamus.

**{¶ 16}** In *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME*, *supra*, syllabus, a majority of this court held that "[a] decision by the State Employment Relations Board whether or not to issue a complaint in an unfair labor practice case is not reviewable pursuant to R.C. Chapter 119 or R.C. 4117.02(M) and 4117.13(D)." Today's majority states that "[m]andamus is an appropriate remedy where no statutory right of appeal is provided to correct an abuse of discretion in administrative proceedings. * * * Because there was no direct right of appeal from SERB's determination in the present case, mandamus was the appropriate remedy."

**{¶ 17}** I dissented in *Ohio Assn. of Pub. School Emp. Chapter 643, AFSCME* and suggested that mandamus may be the appropriate remedy to challenge an order by SERB dismissing an unfair labor practice ("ULP") charge for lack of probable cause. *Id.* at 166, 572 N.E.2d at 86. In my concurring opinion in *Franklin Cty. Sheriff's Dept.*, *supra*, I set forth the reasons why mandamus would be the proper remedy to challenge orders of SERB dismissing ULP charges on the basis of no probable cause. It is apparent from a reading of today's majority opinion that an action in mandamus is the proper remedy to challenge SERB's orders dismissing ULP charges and all other final orders of SERB from which no statutory right of appeal exists. I join the majority in its effort to ensure that SERB's final orders are subject to meaningful judicial review. Mandamus is the proper remedy to correct abuses of discretion by SERB.

RESNICK, J., concurs in the foregoing concurring opinion.

───────────────