OPINIONS OF THE SUPREME COURT OF OHIO
        The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
        Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
        NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State, ex rel. Glass, Molders, Pottery, Plastics & Allied
Workers International Union, AFL-CIO, CLC v. State Employment
Relations Board et al.
[Cite as State ex rel. Glass, Molders, Pottery, Plastics &
Allied Workers Internatl. Union, Local 333, AFL-CIO, CLC v.
State Emp. Relations Bd. (1994),     Ohio St.3d    .]
State Employment Relations Board -- Public employers seeks
        determination by board that bargaining unit proposed by
        employee organization is not an appropriate collective
        bargaining unit -- Employer has burden of showing by
        substantial evidence that proposed unit is not an
        appropriate unit -- R.C. 4117.05, 4117.06 and 4117.07,
        construed.
A public employer which seeks a determination  by the State
            Employment Relations Board that a bargaining
            unit proposed by an employee organization is
            not an appropriate unit for collective
            bargaining purposes bears the burden of
            showing by substantial evidence that the
            proposed unit is not an appropriate unit.
            (R.C. 4117.05, 4117.06 and 4117.07,
            construed.)
        (No. 93-891 -- Submitted April 5, 1994 -- Decided
September 14, 1994.)
        In Mandamus.
        On January 30, 1992, relator, Glass, Molders, Pottery,
Plastics & Allied Workers International Union, Local 333,
AFL-CIO, CLC ("GMPP"), filed a petition for representation
election with the State Employment Relations Board ("SERB")
pursuant to R.C. 4117.05 and 4117.07.  The petition was filed
on a SERB-designed form, and named the Columbiana County
Department of Human Services, Division of Children's Services
("Columbiana County DHS") as the affected public employer.  In
its petition GMPP requested SERB to "conduct an election among
the employees in the bargaining unit'" which it described as
consisting of twenty children's services employees, including
nine social workers, five child care workers, two aides, one
screener, two investigators and one part-time social worker.

Columbiana County DHS then filed its own petition for representation election, also using a SERB form. In signing the standardized form, the employer requested that SERB proceed pursuant to R.C. 4117.07 to conduct an election among its employees in an appropriate bargaining unit. Columbiana County DHS did not propose an alternative bargaining unit in its own petition for representation election, but stated only that "[t]he bargaining unit is not proper," referring to the twenty-employee unit proposed by GMPP.

Contemporaneously with the filing of its employer's petition for representation election, the Columbiana County DHS filed a motion to dismiss the union's petition for representation election, alleging that GMPP's petition was technically deficient and again asserting that the union-proposed bargaining unit was improper.

On March 25, 1992, SERB found that GMPP had filed a petition for representation election, and had sufficiently supported it with a showing of interest from at least thirty percent of the employees in the proposed unit. The board denied DHS's motion to dismiss and "direct[ed] this matter to hearing to determine an appropriate bargaining unit."

Following an evidentiary hearing, SERB's hearing officer found that the bargaining unit proposed by GMPP was "a unit appropriate for collective bargaining purposes."

On April 21, 1993, SERB dismissed GMPP's petition for a representation election for the reason that GMPP's "proposed bargaining unit [was] not an appropriate unit for collective bargaining purposes pursuant to O.R.C. {4117.06(B)."

GMPP then filed an action in this court seeking a writ of mandamus ordering SERB to conduct an election in which the employees designated in its proposed bargaining unit would participate, and an award of attorney fees.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy, Marc J. Jaffy and Sue Fauber, for relator.

Lee Fisher, Attorney General, and Gary E. Brown, Assistant Attorney General, for respondent State Employment Relations Board.

Downey & Hurst, Jonathan J. Downes and Marc A. Fishel, for respondent Columbiana County Department of Human Services.

A. William Sweeney, J. A public employer is statutorily required to bargain fairly with an employee organization ("union") which has been certified by SERB as the exclusive representative of a bargaining unit of public employees. R.C. 4117.04; 4117.11 et seq.

R.C. 4117.05 provides two procedural methods by which a union can become certified as the exclusive representative of a bargaining unit. The first method (petition for election) is established by R.C. 4117.05(A)(1), and is initiated by the filing of a request with SERB for a representation election under procedures set forth in R.C. 4117.07. This is the method chosen by the relator herein, GMPP. The second method (voluntary recognition) is established by R.C. 4117.05(A)(2), and is initiated by the filing of a request for recognition directly with the affected public employer, and providing SERB with a copy of the request.

Significantly, regardless of whether a union seeks certification as an exclusive representative by way of petition for election or request for voluntary recognition, the law contemplates that the union will itself propose the composition of the appropriate bargaining unit.  A petition for a representation election must allege that a least thirty percent of "an appropriate unit" wish to be represented by an exclusive representative.  R.C. 4117.07(A)(1).  Accordingly, Ohio Adm. Code 4117-5-02(A)(3) requires that a petition for representation election filed by or on behalf of public employees include "[a] description of the bargaining unit proposed by the petitioner specifying inclusions and exclusions and the approximate number of employees in the unit."  Where an employee organization seeks voluntary recognition, it must allege in its request for recognition that a majority of the employees "in the bargaining unit" wish to be so represented.  R.C. 4117.05(A)(2).  Accordingly, Ohio Adm. Code 4117-3-01(A)(2) requires that a voluntary recognition request include "[a] description of the bargaining-unit which the employee organization proposes to represent, specifying inclusions and exclusions and the approximate number of employees in the unit."  Thus, in respect to bargaining unit determination, Ohio's public employee collective bargaining law is analogous to the National Labor Relations Act, Section 151 et seq., Title 29, U.S. Code ("NLRA").  The NLRA provides employees in the private sector with the right of self-organization, and under the NLRA "[t]he initiative in selecting an appropriate unit resides with the employees."  Am. Hosp. Assn. v. Natl. Labor Relations Bd. (1991), 499 U.S. 606, 610, 111 S.Ct. 1539, 1542, 113 L.Ed. 2d 675, 678.

It is clear that R.C. Chapter 4117 allows for the possible existence of more than one appropriate unit covering any particular public employee or employees.  For example, R.C. 4117.06(C) mandates SERB to decide the appropriate unit in a particular case "even though some other unit might also be appropriate."  Similarly, where more than one union seeks to represent any particular public employees, each union may propose a different bargaining unit in a petition for election.  R.C. 4117.06(A) provides, in part:  "The state employment relations board shall decide in each case the unit appropriate for the purposes of collective bargaining."  Of necessity then, before a representation election of all employees in the appropriate unit can be held, SERB must consider all proposals and, where more than one proposed unit is "an" appropriate unit, decide which of them shall be deemed "the" appropriate unit.  As the filing of either a petition for election with SERB pursuant to R.C. 4117.05(A)(1) or receipt of a copy of a request for recognition under R.C. 4117.05(A)(2) constitutes the initiation of a case, SERB is under a clear legal statutory duty to determine the unit appropriate for the purposes of collective bargaining when either a petition for election or a copy of a voluntary request for recognition is filed with it.

An employer who has been presented with a request for voluntary recognition may raise objections to the union's proposed bargaining unit by presenting SERB with substantial evidence that the proposed unit is not "an appropriate unit."

R.C. 4117.05(A)(2)(b)(iv). Where a union seeks certification by way of petition for election, the statutes do not expressly place a burden of producing substantial evidence in opposition to a bargaining unit on one who objects to the composition of the unit. Rather, an employer named in a petition for representation election has the option of filing its own petition for election and including in that petition an alternative appropriate bargaining unit for SERB to consider. R.C. 4117.07(A) and (B). See, also, Ohio Adm. Code 4117-5-02(B)(3) (providing that an employer filing its own petition for representation election shall include therein "[a] description of the bargaining unit for which representation has been requested, and if different, a description of the bargaining unit proposed by the employer, and the approximate number of employees in the unit or units.") (Emphasis added.)

Relator GMPP sought recognition as the exclusive representative for collective bargaining purposes of Columbiana County children's services employees, and in furtherance of that goal filed a petition for representation election with SERB as provided in R.C. 4117.05 and 4117.07(A)(1). In response, DHS filed its own petition for election subsequent to receipt of GMPP's petition. It did not, however, describe an alternative unit in its petition, but merely objected to the one proposed by GMPP. Thus, the sole bargaining unit proposal formally at issue before SERB was that described in GMPP's petition for election.

We have previously recognized that one who objects to the composition of a unit proposed in a request for voluntary recognition bears the burden of proof of showing by substantial evidence that the proposed unit is not an appropriate unit. State ex rel. Glass, Molders, Pottery, Plastics & Allied Workers Internatl. Union, Local 333, AFL-CIO, CLC v. State Emp. Relations Bd. (1993), 66 Ohio St.3d 157, 609 N.E. 1266 ("GMPP I") (interpreting R.C. 4117.05[A][2][b][iv]). As DHS filed an employer's petition for election without including an alternative bargaining unit proposal, its legal posture as to the issue of unit determination was similar to that of an employer objecting to a unit proposal contained in a request for voluntary recognition. A public employer which seeks a determination that a bargaining unit proposed by an employee organization in a petition for representation election is not an appropriate unit similarly bears the burden of showing by substantial evidence that the union's proposed bargaining unit is not an appropriate unit. Such a holding is necessary to ensure that unit-determination decisions are made consistently regardless of whether the issue arises pursuant to the filing of a petition for election or a voluntary request for recognition, and also accords with the statutory framework of R.C. Chapter 4117. Accordingly, SERB abuses its discretion in finding the bargaining unit proposed in an R.C. 4117.07(A) petition to be inappropriate in the absence of substantial evidence that the proposed unit is not "an" appropriate unit. Cf. Trustees of Masonic Hall & Asylum Fund v. Natl. Labor Relations Bd. (C.A.2, 1983), 699 F. 2d 626.

SERB's hearing officer concluded in a comprehensive written recommendation based on all the evidence that the unit proposed by GMPP was "an" appropriate unit even if some other

configuration of employees in Columbiana County might also be deemed appropriate. In rejecting that conclusion, SERB found instead that the GMPP-proposed unit was not "an" appropriate unit. SERB's determination that the GMPP-proposed unit was not "an appropriate unit" cannot stand unless it was supported by substantial evidence in the record.

R.C. 4117.06(B)1 sets forth relevant criteria for determining whether a proposed bargaining unit is an appropriate unit for collective bargaining purposes. We do not find substantial evidence in the record before us that a unit consisting of the children's services employees of Columbiana County is not "an" appropriate unit for collective bargaining purposes. Having reviewed the record, we agree with the hearing officer's summary of the evidence and conclusions: "[I]n sum, the petitioned-for employees share substantial and similar collective bargaining objectives so as to justify the creation of the smaller bargaining unit. *** [T]he evidence is clear that the Children's Services unit is a functionally distinct unit. *** At the same time, there is no substantial evidence that the Department's administrative structure or efficiency of operations would be compromised by the creation of the proposed bargaining unit. Overfragmentation is not an issue in this case and there is no history of collective bargaining. For all of the foregoing reasons, the conclusion is warranted that the petitioned-for unit is appropriate."

SERB expressly acknowledged that the evidence before it supported the conclusion that "[t]here is no question that the petitioned-for employees share a community of interest." It has been noted that "[t]he operative concept behind all bargaining unit determinations is that the employees in a single unit must have an identifiable 'community of interest.'" Knapp, Anatomy of a Public Sector Bargaining Unit (1985), 35 Case W. Res. L.Rev. 395, at 403. SERB nevertheless refused to find that a unit consisting solely of the children's services employees constituted "an" appropriate unit based on its own policy determination that "where the petitioned-for unit consist [sic] of only a small group of employees within a large department, the Board will look for evidence that the community of interest of the small group is sufficiently distinct and unique in relation to other employees and administratively sensible to make their segregation appropriate." (Emphasis added.) SERB found that "the record as a whole does not support the proposition that the petitioned-for unit is a rational separate and distinct group." SERB stated that "[s]maller units, by their nature, may have very similar interests and objectives but in many cases bigger units are administratively more stable and more manageable. Where to draw the line is something to be determined on a case-by-case basis." SERB concluded that the GMPP-proposed unit would "creat[e] many administrative problems and hur[t] the efficiency of the [DHS] operation" and that "[i]n the case before us the line should be drawn wider than in the petitioned-for unit."

The record does not contain substantial evidence to support these conclusions. The evidence was uncontroverted that no other unions had been certified in the Columbiana County Department of Human Services, and that no other unions

sought recognition.  Therefore concerns of over-fragmentation did not preclude a finding that the GMPP-proposed unit was appropriate.  Similarly, DHS failed to show by substantial evidence that it could not effectively administer the children's services employees were they represented by an exclusive representative.

In the case at bar, two petitions for election had been filed, one by the union and one by the employer, both essentially requesting SERB to conduct an election "in an appropriate unit."  SERB is required by law to "decide in each case the unit appropriate for the purposes of collective bargaining."  R.C. 4117.06(A).  Where petition(s) for election are filed, SERB is required to investigate whether the employees described in the 4117.07(A) proposed unit desire representation, and "if [it] finds upon the record of a hearing that a question of representation exists, it shall direct an election and certify the results thereof."  R.C. 4117.07(A). In conjunction, these two statutes do not permit SERB to simply terminate its proceedings where both employee and employer petitions for election have been filed based on its conclusion that the union's proposed unit is not "an appropriate unit."

The hearing officer advised SERB that a finding that the proposed unit is not appropriate "would more than likely result in denial of the employee's statutory right of representation."  Indeed, in dismissing GMPP's petition and failing to proceed with a representation election, SERB foreclosed the children's services employees from their statutory collective bargaining right to vote for or against union representation, at least until such time as GMPP submitted a new bargaining unit proposal, which then again may or may not have been deemed appropriate by SERB.  However, the law does not place exclusive representative candidates in a position where they are required to submit successive unit proposals until such time as they propose one that is satisfactory to SERB.2  Rather the law requires that SERB "decide the unit appropriate" in each case that comes before it.  R.C. 4117.06(A).  Where only one unit has been formally proposed, and that unit is an appropriate unit, SERB has no other option but to decide that the sole appropriate unit before it shall be deemed "the" appropriate unit.

In this case the employer did not propose an alternative bargaining unit in its petition for election and the record before SERB lacked substantial evidence that GMPP's proposed bargaining unit was not an appropriate unit.  SERB abused its discretion in failing to proceed with a representation election of the Columbiana County children's services employees.  Where no statutory right of appeal exists, a writ of mandamus may be issued to correct an abuse of discretion in SERB administrative proceedings.  GMPP I at 159, 609 N.E.2d at 1267.  We therefore issue a writ of mandamus ordering SERB to conduct a representation election in the bargaining unit described in GMPP's petition.

Although the relator's complaint demands an award of attorney fees, the issue has not been addressed by either party in their briefs submitted to this court, and we decline to make such an award in the absence of either argument or authority supporting it.

Writ granted.

Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur

Moyer, C.J., and Wright, JJ., dissent.

FOOTNOTES:

1  R.C. 4117.06 provides, in part:

"(B)  The board shall determine the appropriateness of each bargaining unit and shall consider among other relevant factors: the desires of the employees; the community of interest; wages, hours, and other working conditions of the public employees; the effect of over-fragmentation; the efficiency of operations of the public employer; the administrative structure of the public employer; and the history of collective bargaining."

2  It has been noted that "delay is one of the most effective tactics an employer can use to fight a unionization campaign in the workplace."  Knapp, Anatomy of a Public Sector Bargaining Unit (1985), 35 Case W. Res.L. Rev. 395, 422.  In this case the children's services workers of Columbiana County have already been delayed in exercising their right to vote for or against union representation for a period of over two and one-half years from when the petition for election was filed. In addition, testimony established that the children's services workers had requested meetings with their employers to express concerns with working conditions for several years prior to the filing of the petition for election.

Wright, J., dissenting.    I fail to see where SERB abused its discretion in this case and, therefore, I must respectfully dissent.

Last year in State ex rel. Glass, Molders, Pottery, Plastics & Allied Workers Internatl. Union, Local 333, AFL-CIO, CLC v. State Emp. Relations Bd. (1993), 66 Ohio St.3d 157, 159, 609 N.E.2d 1266, 1267, I agreed with the majority that a writ of mandamus ordering SERB to certify GMPP as the exclusive representative was proper and should be granted because "[m]andamus is an appropriate remedy where no statutory right of appeal is provided to correct an abuse of discretion in administrative proceedings."  (Emphasis added.)  We were confronted then with a clear abuse of discretion.  In that case, SERB rejected the relator's request for recognition merely because the standard form filled out by the relator failed to state specific job titles, even though job titles were not applicable in that particular situation and therefore not mandatory.

There is no such clear-cut abuse of discretion in this case.

Historically, reviewing courts have been required to meet a formidable threshold in order to establish an abuse of discretion by a lower court or adminstrative body.  In Ohio, we have long held that "[t]he term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Steiner v. Custer (1940), 137 Ohio St. 448 [19 O.O. 148, 31 N.E.2d 855]; Conner v. Conner (1959), 170 Ohio St. 85 [9 O.O.2d 480, 162 N.E.2d 852]; Chester Township v. Geauga Co. Budget Comm. (1976), 48 Ohio St. 2d 372 [2 O.O.3d 484, 358 N.E.2d 610]."  State v. Adams (1980), 62 Ohio St.2d 151, 157-158, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.  See, also, Rock v.

Cabral (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218, 222, and Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

SERB, moreover, is clothed with broad discretion in determining the appropriateness of a bargaining unit. This court consistently has recognized that the General Assembly clearly vested SERB "with broad authority to administer and enforce R.C. Chapter 4117," and that "[t]his authority must necessarily include the power to interpret the Act to achieve its purposes." Lorain Cty. Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260, 533 N.E.2d 264, 267. Furthermore, we typically have accorded due deference to SERB's interpretation of R.C. Chapter 4117 except when SERB's interpretation cannot be reconciled with the explicit language of R.C. Chapter 4117. In order for this court to properly issue a writ of mandamus ordering SERB to conduct an election, GMPP must establish that SERB abused its discretion in determining that the bargaining unit proposed by GMPP was not appropriate pursuant to R.C. 4117.06.

I am convinced that SERB did not abuse its discretion. In a well-written and rational opinion, SERB precisely explained its reasons for deciding that the bargaining unit proposed by GMPP was not appropriate, and for denying GMPP's petition for a representative election.[3] SERB based its decision on a proper balancing of the factors found in R.C. 4117.06(B), i.e., community of interest; wages, hours, and other working conditions; the effect of over-fragmentation; the efficiency of operations; the administrative structure; and the history of collective bargaining. Specifically, SERB determined that the proposed unit was neither sufficiently distinct nor administratively sensible. Nothing in the record indicates to me that SERB abused its broad discretion when it determined that the unit was inappropriate and thus denied GMPP's petition.

Because there is a lack of an abuse of discretion on the part of SERB, GMPP has failed to establish either a clear legal right to the requested mandamus relief or a corresponding clear legal duty on the part of SERB to provide it.

Accordingly, I respectfully dissent.

Moyer, C.J., concurs in the foregoing dissenting opinion.

FOOTNOTE:

3 The relevant portion of SERB's opinion setting forth its reasons for denying GMPP's petition is reproduced below:

"There is no question that the petitioned-for employees share a community of interest. The narrower a unit is drawn, the more likely the employees will share similar interests. Wisely, however, the statute calls for analyzing all the factors mentioned above including the administrative structure and the efficiency of operation of the public employer. Otherwise, any group, no matter how small, which shares common interests could constitute an appropriate unit for collective bargaining. For example, it would normally be inappropriate to allow a unit composed of only four of 10 secretaries, where all 10 perform the same work and no job-related issues separate the four from the rest. Although such a unit would pass the 'community of interest' test, it would not be administratively viable. On the contrary, any bargained-for differences in working conditions between the two groups of secretaries would

likely bring about tension among the employees, different pay for the same classifications and the same job, administrative problems and a decline in efficiency. Balancing the factors in the above-cited section of the Revised Code involves more than approving a unit just on the basis of the extent of organization and some common interest among its employees.

"Thus where the petitioned-for unit consist [sic] of only a small group of employees within a large department, the Board will look for evidence that the community of interest of the small group is sufficiently distinct and unique in relation to other employees and administratively sensible to make their segregation appropriate.

"***

"While each of the above-mentioned factors by itself does not necessarily warrant a specific result, balancing all the factors in O.R.C. 4117.06 leads us to the conclusion that the petitioned-for unit is not an appropriate unit and that carving out the Children's Services employees is not an option which will promote an orderly and constructive relationship [between] the Public Employer and [i]ts employees.

"Smaller units, by their nature, may have very similar interests and objectives but in many cases bigger units are administratively more stable and more manageable. Where to draw the line is something to be determined on a case-by-case basis."