[Cite as *State ex rel. Thelen v. State Emp. Relations Bd.*, 2022-Ohio-2883.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. RYAN THELEN, | : | APPEAL NO. C-210576 |
| | | TRIAL NO. A-1903795 |
| Relator-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| STATE EMPLOYMENT RELATIONS BOARD, | : | |
| and | : | |
| CINCINNATI CITY SCHOOL DISTRICT, | : | |
| Respondents-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 19, 2022

*Ryan Thelen,* pro se,

*Dave Yost,* Ohio Attorney General, and *Sherry M. Phillips,* Senior Assistant Attorney General, for Respondent-Appellee State Employment Relations Board,

*Daniel J. Hoying,* General Counsel, for Respondent-Appellee Cincinnati City School District.

**CROUSE, Judge.**

{¶1}     During the 2017-2018 school year, relator-appellant Ryan Thelen held a full-time social studies teaching position at Dater High School. In February 2018, a part-time seventh-grade teaching position came open at Walnut Hills High School. Thelen applied for the position. Both schools are members of the Cincinnati City School District ("Cincinnati Public Schools" or "CPS"). Pursuant to the collective-bargaining agreement ("CBA") between CPS and the Cincinnati Federation of Teachers Union ("the union"), CPS must first consider internal candidates for positions that open during the school year, before it considers external candidates. Therefore, as a current CPS teacher, Thelen had the opportunity to interview for the position before CPS considered any outside candidates.

{¶2}     Thelen was interviewed by a panel consisting of Walnut Hills Assistant Principal Joe Stewart and five teachers from Walnut Hills High School. According to the CBA, selection of a candidate required agreement between Stewart and a majority of the other panel members. The panel did not select Thelen for the position. On April 4, 2018, Thelen filed a grievance with CPS through the union. Shortly thereafter, CPS hired Elizabeth Moore, an outside candidate, for the position. Moore's position was then converted from part-time to full-time.

{¶3}     During the summer of 2018, while Thelen's grievance with CPS was pending, a vacancy opened for a full-time eighth-grade social studies teaching position at Walnut Hills.[1] As a compromise to resolve the grievance, the union asked CPS to place Thelen in the eighth-grade position. CPS declined, and instead hired Jessica

---

[1] Per the CBA, because the eighth-grade position opened during the summer, CPS was not required to consider internal candidates before external candidates.

Handshoe, one of the external candidates that had been considered for the seventh-grade position which had gone to Moore.

**{¶4}** Thelen's grievance proceeded to arbitration on August 23, 2018. The union, on behalf of Thelen, argued that he should have been hired for the seventh-grade position, and because that position had since been converted to full-time, he was entitled to a full-time position at Walnut Hills. The district argued that Thelen was not entitled to any position at Walnut Hills. The parties agreed on a verdict form to be used by the arbitrator. The form required the arbitrator to answer the following question by choosing one of three options:

> Did Cincinnati Public Schools (CPS) violate the Cincinnati Federation of Teachers Collective Bargaining Agreement by failing to select Ryan Thelen to fill a social studies vacancy at Walnut Hills High School and selecting a candidate not employed by CPS instead?
>
> _____ Yes - Grievance sustained. Ryan Thelen shall be offered a .6 [part-time] social studies position at Walnut Hills High School; or
>
> _____ Yes - Grievance Sustained. Ryan Thelen shall be offered a Full time social studies position at Walnut Hills High School; or
>
> _____ No - Grievance Denied. Ryan Thelen shall not be offered a social studies position at Walnut Hills High School.

**{¶5}** The arbitrator picked the first option and required CPS to offer Thelen a part-time social studies teaching position at Walnut Hills. CPS complied, and Thelen accepted a part-time teaching position beginning September 4, 2018. Thelen then sought to obtain a full-time course load by requesting that he be assigned an additional section of history and two sections of study hall. The school denied his requests.

{¶6} On October 22, 2018, Thelen filed an unfair labor practice ("ULP") charge with the State Employment Relations Board ("SERB"). He argued that Stewart and CPS had retaliated against him for filing the grievance by declining to hire him for the vacant eighth-grade position, refusing to allow him to obtain a full-time course load by adding the study halls and history section, requesting that he meet with other teachers when similar requests were not made of other teachers, and because Stewart came into his classroom to observe him.

{¶7} SERB's investigator received written memoranda and evidence from the parties and issued an "investigator's memorandum" recommending that Thelen's grievance be dismissed for lack of probable cause to believe that a ULP had been committed. SERB accepted the investigator's recommendation and dismissed the charge.

{¶8} On April 8, 2019, Thelen filed a motion for reconsideration, citing alleged new evidence to support the charge. The investigator determined that the information was not actually new and recommended the motion be denied. SERB adopted the investigator's recommendation and denied the motion.

{¶9} Thelen filed a complaint for a writ of mandamus in the Hamilton County Court of Common Pleas, wherein he requested that the court compel SERB to investigate his ULP charge. The court denied the complaint. Thelen has appealed. He argues in one assignment of error that the trial court erred in denying his request for a writ of mandamus compelling SERB to conduct a proper investigation of his ULP charge. For the reasons discussed below, we sustain the sole assignment of error, reverse the trial court's judgment, and remand the cause to the trial court.

### *Sole Assignment of Error*

**{¶10}** In his sole assignment of error, Thelen argues that the trial court erred in denying his request for a writ of mandamus compelling SERB to conduct a proper investigation of his ULP charge. He contends that SERB improperly relied upon the arbitrator's decision in dismissing his ULP charge.

**{¶11}** As a preliminary matter, SERB argues that we should disregard Thelen's assignment of error because he failed to cite to the record in support of his arguments in his merit brief. Although Thelen did not provide specific citations to the record, this is not a situation where we must "search the record to root out" the alleged errors committed by the trial court. *See Berger v. Wade*, 1st Dist. Hamilton No. C-120863, 2014-Ohio-1262, ¶ 25. Therefore, we will address the merits of Thelen's assignment of error.

**{¶12}** According to R.C. 4117.11(A)(3), "It is an unfair labor practice for a public employer, its agents, or representatives to discriminate in regard to hire or tenure of employment or any term or condition of employment on the basis of the exercise of rights guaranteed by Chapter 4117 of the Revised Code." SERB found, and CPS does not contest, that Thelen exercised rights guaranteed by R.C. Chapter 4117 when he engaged in protected union activity by filing his grievance.

**{¶13}** "When anyone files a charge with the board alleging that an unfair labor practice has been committed, the board or its designated agent shall investigate the charge. If the board has probable cause for believing that a violation has occurred, the board shall issue a complaint and shall conduct a hearing concerning the charge." R.C. 4117.12(B); *see State ex rel. Portage Lakes Edn. Assn. v. State Emp. Relations Bd.*, 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, ¶ 38 (defining probable cause in

this context—"SERB must issue a complaint and conduct a hearing on an unfair labor practice charge if, following an investigation, it has a reasonable ground to believe that an unfair labor practice has occurred.").

{¶14} Probable cause determinations by SERB under R.C. 4117.12(B) are not reviewable by direct appeal. *State ex rel. Alben v. State Emp. Relations Bd.,* 76 Ohio St.3d 133, 134, 666 N.E.2d 1119 (1996). "However, mandamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by an administrative body like SERB." *Id.* at 135. "A writ of mandamus will thus issue to correct an abuse of discretion by SERB in dismissing unfair labor practice charges." *Id.*

{¶15} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. In order to demonstrate entitlement to a writ of mandamus, Thelen must show that (1) he has a clear legal right to the relief prayed for, (2) SERB is under a corresponding clear, legal duty to perform the requested acts, and (3) he has no plain and adequate legal remedy. *See State ex rel. Glass, Molders, Pottery, Plastics, Local 333, CLC v. State Emp. Relations Bd.*, 66 Ohio St.3d 157, 158, 609 N.E.2d 1266 (1993).

{¶16} "In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264 (1988).

{¶17} The trial court denied Thelen's complaint for a writ mandamus for two reasons. First, it found that Thelen had no legal right to the eighth-grade position because the position became vacant over the summer, and no legal right to a full-time seventh-grade position because that position was part-time when he applied for it. It is undisputed that Thelen had no grounds for a grievance as to the eighth-grade position because CPS was not required to consider internal candidates before external candidates. However, if CPS declined to hire Thelen for the eighth-grade position because he had filed a grievance for the seventh-grade position, that would be a clear violation of R.C. 4117.11(A)(3). The fact that Thelen has no right to the eighth-grade position pursuant to the CBA does not give CPS license to violate R.C. 4117.11. Therefore, the trial court's first reason is unavailing.

{¶18} Second, the trial court held that SERB did not abuse its discretion in finding that Thelen's retaliation claim had been determined by the arbitrator and that there was no probable cause to believe that a ULP had occurred.

{¶19} SERB dismissed Thelen's ULP charge because it found that the matter had been determined at arbitration. It stated:

> [T]he investigation revealed that Mr. Thelen is a public employee. He engaged in concerted protected activity when he filed his grievance. The grievance proceeded to arbitration and it was determined that Mr. Thelen should be selected for a 0.6 FTE position. In accordance with the arbitration award, Mr. Thelen was selected for a 0.6 position which resulted in him being transferred from Dater and he started teaching at Walnut Hills. The Employer complied with the terms of the grievance award. Mr. Thelen failed to demonstrate that adverse action was taken

against him by the Employer. Mr. Thelen states that he has been retaliated against for filing the grievance because the Employer did not select him for the full-time social studies position that became vacant during the pendency of his grievance. However, the full-time vacant position was one of the options that the arbitrator had the opportunity to consider; but decided not to award him that position. Mr. Thelen failed to show a nexus between the filing of the grievance and him not being selected for the full-time position. Accordingly, the Employer's actions do not constitute an (A)(3) violation. Accordingly, the charge is dismissed with prejudice for lack of probable cause to believe the statute has been violated.

{¶20} SERB's statement that "Mr. Thelen failed to show a nexus between the filing of the grievance and him not being selected for the full-time position" could arguably be read as a decision on grounds other than the arbitrator's decision. But that statement is inconsistent and disconnected from the reasoning advanced by the board. Reading SERB's decision as a whole, it is apparent that SERB denied Thelen's ULP charge because it found that the matter had been determined at arbitration.

{¶21} This conclusion is further supported by SERB's reasoning in its denial of Thelen's motion for reconsideration. It stated:

[T]he information that Mr. Thelen provided relates to the arbitration that was held in August 2018, the same information that the arbitrator in that case used to render the decision that Mr. Thelen wants this Board to reverse. This Board's duty is to interpret Chapter 4117, not the decision of an arbitrator.

(Citation omitted.)

{¶22} Thelen argues that his retaliation claim was never arbitrated. SERB and CPS contend that because the arbitration covered whether Thelen should be given a full-time social studies teaching position at Walnut Hills, it covered the basis for his ULP charge. They argue that Thelen is attempting to overturn the decision of the arbitrator.

{¶23} The subject of Thelen's grievance was the seventh-grade position given to Moore. When the eighth-grade position came open, the union proposed giving Thelen the eighth-grade position as a compromise to the grievance, but that compromise was rejected by CPS. The eighth-grade position was then given to Handshoe. In his ULP charge, Thelen argues that he was denied the eighth-grade position in retaliation for bringing the grievance. Therefore, the ULP charge is separate from the grievance.

{¶24} Both sides acknowledge that there was some discussion/testimony about the eighth-grade position during the arbitration, but they disagree to what extent. However, even if the eighth-grade position and Thelen's retaliation claim were discussed before the arbitrator, the arbitrator was limited to deciding the merits of the grievance, which was based upon the CBA and the seventh-grade position.

{¶25} The verdict form allowed the arbitrator to award Thelen a full-time position. But the full-time position on the verdict form likely referred to the seventh-grade position—the grievance began with the seventh-grade position, that position had been converted to full-time during the pendency of the grievance, and Thelen could not have filed a grievance for the eighth-grade position because it was a summer vacancy.

{¶26} Moreover, regardless of whether the verdict form referred to the seventh- or eighth-grade position, the retaliation claim is separate from the grievance, and therefore was not adjudicated by the arbitrator. The arbitrator may have had the option to award the eighth-grade position as a remedy for the grievance, but the arbitrator was limited to determining whether CPS's actions violated the CBA. Thus, the arbitrator did not consider whether CPS committed retaliation in violation of R.C. 4117.11.

{¶27} Therefore, it was unreasonable for SERB to dismiss Thelen's ULP charge for lack of probable cause on the basis of the arbitrator's decision and unreasonable for the trial court to deny the complaint for a writ of mandamus on the same basis.

{¶28} Thelen has demonstrated that (1) he has a clear legal right to the relief prayed for, (2) SERB is under a clear, legal duty to perform the requested acts, and (3) he has no plain and adequate legal remedy. *See State ex rel. Glass, Molders, Pottery, Plastics, Local 333, CLC,* 66 Ohio St.3d at 158, 609 N.E.2d 1266. The sole assignment of error is sustained.

### *Conclusion*

{¶29} The trial court's decision is reversed, and the cause is remanded to the trial court with instructions to issue a writ of mandamus compelling SERB to investigate the merits of Thelen's retaliation claim.

Judgment reversed and cause remanded.

BOCK, J., concurs.
MYERS, P.J., dissents.

MYERS, P.J., dissenting.

{¶30} Because I would hold that the trial court did not abuse its discretion in denying Thelen's request for a writ of mandamus, I respectfully dissent.

{¶31} A writ of mandamus is an extraordinary remedy that a court should only issue "with great caution and discretion." *See State ex rel. Neal v. Cincinnati*, 1st Dist. Hamilton No. C-200202, 2021-Ohio-1276, ¶ 7, quoting *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977). In the context of probable-cause determinations by SERB, the Supreme Court of Ohio has explained, mandamus must not be used "to second-guess probable cause determinations by prosecutors in criminal matters, (citations omitted) and we will not permit expanded judicial review of probable cause determinations by administrative agencies like SERB." *State ex rel. Portage Lakes Edn. Assn. v. SERB*, 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, ¶ 69. Here, I would hold that Thelen failed to establish that he has a clear legal right to the relief requested.

{¶32} Thelen seeks a writ to compel SERB to investigate his claim of retaliation. The trial court found that SERB "received the complaint, requested opinion statements from the parties, and investigated the allegations." The court noted that following the investigation, the SERB investigator found that no probable cause existed to support a ULP claim. Thelen then sought reconsideration from SERB and presented additional evidence to support his ULP claim. The trial court found that "SERB conducted another investigation and considered this additional evidence." SERB denied the request for reconsideration.

{¶33} In its legal conclusions, the trial court stated:

SERB had a duty to investigate [Thelen's] ULP claim, and it did so. A

hearing is only required if the investigation shows probable cause as to

the validity of the claim. After the investigation, SERB determined that no probable cause existed. This Court should not, and will not, substitute its judgment for that of SERB.

(Citations omitted.) The trial court concluded that SERB did not abuse its discretion in finding no probable cause for Thelen's ULP claim.

{¶34} The majority correctly points out that part of the reasoning of the trial court was SERB's conclusion that the arbitrator determined the ULP claim at the arbitration. I would find that it is not necessary to address whether the retaliation claim was or was not addressed at arbitration. That is because the trial court found that SERB did, in fact, investigate the retaliation claim, concluding that no probable cause existed. And, the trial court did not abuse its discretion in making this finding. SERB itself stated that it investigated the charge, and the record does not show otherwise. Therefore, because SERB already did what Thelen asked the trial court to order it to do, he has not shown a clear legal right to the relief requested.

{¶35} Because I would hold that the trial court did not abuse its discretion, I would affirm the judgment of the trial court in denying the extraordinary writ.


Please note:
    The court has recorded its own entry on the date of the release of this opinion.