154.

THE STATE, EX REL. CAMPBELL, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Campbell, v. Indus. Comm.
(1971), 28 Ohio St. 2d 154.]

(No. 71-115—Decided December 22, 1971.)

*Messrs. Larrimer & Larrimer* and *Mr. Craig Aalyson*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. R. Peterson Chalfant*, for appellee.

HERBERT, J. Initially, the propriety of the extraordinary remedy of mandamus in this case must be considered in light of whether appellant has a plain and adequate remedy in the ordinary course of the law. *State, ex rel. Pressley,* v. *Indus. Comm.* (1971), 11 Ohio St. 2d 141, 228 N. E. 2d 631; *State, ex rel. Harris,* v. *Haynes* (1952), 157 Ohio St. 214, 105 N. E. 2d 53.

R. C. 4123.519 provides for appeal from "* * * a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas * * *."

Clear though the above quoted language may have seemed to the drafters thereof, the myriad complications of industrial injury, and legislative and administrative efforts to justly cope therewith, have resulted in diffuse efforts by litigants and courts to resolve ensuing conflicts and uncertainties. Predictably, much attention has been directed to the meaning of "extent of disability."

In reviewing past decisions of this court, a firm thread of consistency becomes evident. It is apparent from our prior holdings that an order of the Industrial Commission

which is not an absolute denial of a claim going to the basis of a claimant's right to participate, or to continue to participate, in the Workmen's Compensation Fund is "a decision as to the extent of disability" within the meaning of R. C. 4123.519. *Carpenter* v. *Scanlon* (1958), 168 Ohio St. 139, 151 N. E. 2d 561; *State, ex rel. Mansour,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 94, 249 N. E. 2d 775; *Reeves* v. *Flowers* (1971), 27 Ohio St. 2d 40.

Equally discernable from our former decisions is the deductive conclusion that an order of the Industrial Commission that determines the extent to which a claimant may participate, or continue to participate, in the Workmen's Compensation Fund under an allowed claim is also "a decision as to the extent of disability" within the meaning of R. C. 4123.519. *Brecount* v. *Procter & Gamble Co.* (1957), 166 Ohio St. 477, 144 N. E. 2d 189; *State, ex rel. Mansour,* v. *Indus. Comm.,* supra, at page 101; *Reeves* v. *Flowers, supra,* at page 44.

Since the case at bar involves only the extent to which relator may continue to participate in the Workmen's Compensation Fund under an allowed claim, and does not concern a claim denial of the genus heretofore noted, the decision complained of is not appealable and the resultant posture of the cause is one of which we have often taken cognizance in mandamus.

Relator contends that as the injured employee of a self-insurer, he has complete freedom of choice in selection of the *type* and *extent* of medical services under R. C. 4123.651. He argues that any restriction of that freedom constitutes an abuse of discretion unless it be shown by clear and convincing evidence that such treatment is not reasonably commensurate with the needs of the injury.

R. C. 4123.651 does give an injured workman the right to select his own medical and related services Additionally, however, the section provides that "* * * in the event the employee of a self-insurer selects a physician or medical, surgical, nursing, or hospital services rather than have them furnished directly by his employer, the costs of such services, *subject to the approval of the commission,*

shall be the obligation of such employer.'' (Emphasis added.)

In lodging authority in the claimant to select his physician and medical services, the General Assembly also granted broad discretion to the Industrial Commission to approve or disapprove the cost of such services.

The instant record contains conflicting medical opinions concerning recommended chiropractic treatment, ranging from none to one weekly. There was probative medical evidence supporting monthly treatment. Under such a state of the record in a mandamus action, courts should not interfere with the judgment of the commission on a question of fact. As noted in *State, ex rel. Marshall,* v. *Keller* (1962), 15 Ohio St. 2d 203, 205, 239 N. E. 2d 85:

''Before a writ may issue there must be a clear legal duty on respondent to act, and, where the evidence is conflicting, a court cannot substitute its judgment for that of the commission and find that the commission abused its discretion.''

The respondent not having abused its discretion, and not being under a clear legal duty to act in the manner sought in this mandamus action, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Schneider, Wiley, Corrigan, Rutherford and Leach, JJ., concur.

Wiley, J., of the Sixth Appellate District, sitting for Duncan, J. Judge Wiley of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice ''to sit with the justices of the Supreme Court in the place and stead of'' Justice Duncan and Judge Wiley did so and heard and considered this cause prior to the resignation of Justice Duncan on November 28, 1971.

Rutherford, J., of the Fifth Appellate District, sitting for Stern, J.