THE STATE, EX REL. BRENO, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

(No. 73-64—Decided June 20, 1973.)

228

*Messrs. Barkan, Barkan & Neff, Mr. E. S. Gallon* and *Mr. John A. Cervay,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Michael R. Szolosi, Messrs. Bieser, Greer & Landis, Mr. Leo F. Krebs* and *Mr. Stephen T. Parisi,* for appellees.

CORRIGAN, J. Appellant, in his proposition of law, contends that:

"Where all three physicians, who examined the claimant, agree that he needed additional treatment of his injury, and differ only as to the kind of treatment recommended, the choice among the several recommendations is reserved to the claimant under Section 4123.651 ORC, and it is an abuse of discretion for the Industrial Commission to refuse to order a self-insured employer to pay for the treatment."

The application of R. C. 4123.651 was before this court in *State, ex rel. Campbell,* v. *Indus. Comm.* (1971), 28 Ohio St. 2d 154. After determining that an order of the Industrial Commission, involving only the extent to which an injured employee may continue to participate in the Workmen's Compensation Fund under an allowable claim, was a proper cause of action in mandamus, the court proceeded to examine the contention that R. C. 4123.651 extends a complete freedom of choice to an injured employee in the selection of the *type* and *extent* of medical services, and that any restriction of that freedom constitutes an abuse of discretion for which mandamus will issue.

This court, in the *Campbell* case, at page 157, determined that R. C. 4123.651, although allowing injured employees to select their own physicians and medical services, also grants "broad discretion to the Industrial Commission to approve or disapprove the cost of such services."

In addition, R. C. 4123.66 requires the Industrial Commission to "* * * disburse and pay from the State Insurance Fund such amounts for medical * * * services * * * as it deems proper." The statute further authorizes the Industrial Commission to "* * * adopt rules and regulations with respect to furnishing medical, nurse, and hospital service and medicine to injured or disabled employees entitled thereto, and for the payment therefor."

Pursuant to that authorization, the Industrial Commission and the Bureau of Workmen's Compensation promulgated the rules set forth in the Medical Handbook, Rules, Regulations, Procedures. Rule 9 of the rules, which is applicable to physicians, states specifically that: "Physiotherapy must be authorized."

The rule also provides that fees for more than ten physiotherapy treatments will not be approved unless authorized, and that the nature of the disability must clearly indicate the necessity for such treatments. The stated definition of "physiotherapy" in the rule includes the treatments rendered in the instant case.

Both parties in the present action have stipulated that appellant never requested authorization for the 52 additional treatments. Medical testimony adduced at the hearing before the deputy administrator established that all the examining physicians agreed in the diagnosis, but they disagreed as to the necessity and extent of physiotherapy treatments.

A long line of Ohio cases has established that a writ of mandamus will issue only to compel the performance of a clear legal duty or where a clear legal right to the remedy has been shown, and it will not lie to control the discretion confided in an officer, commission, or inferior tribunal, unless it clearly appears that such discretion has been abused. *State, ex rel. Coen,* v. *Indus. Comm.* (1933), 126 Ohio St. 550; *State, ex rel. Bevis,* v. *Coffinberry* (1949), 151 Ohio St. 293; *State, ex rel. Szekely,* v. *Indus. Comm.* (1968), 15 Ohio St. 2d 237; *Marshall* v. *Keller* (1968), 15 Ohio St. 2d 203; *State, ex rel. Campbell,* v. *Indus. Comm.,* supra (28 Ohio St. 2d 154). And, where the evidence before such officer, commission, or tribunal is conflicting, a court cannot substitute its judgment for that of the decision-making body and find an abuse of discretion. *Szekely, Marshall, Campbell, supra.*

The appellees are not bound by any statutory duty to act in this matter, and have not abused their discretion in refusing to approve the additional fees. The judgment of the Court of Appeals denying the writ is, therefore, affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.