**ROBINSON, Appellant,**

v.

**MIHM, Admr., et al., Appellees.**

[Cite as *Robinson v. Mihm* (1993), 92 Ohio App.3d 127.]

Court of Appeals of Ohio,
Montgomery County.

No. 13745.

Decided March 31, 1993.

*Roger A. Lee*, for appellant.

*James G. Neary*, for appellee, Delco–Moraine Division.

*Lee Fisher*, Attorney General, and *Dianna K. Bond*, Assistant Attorney General, for appellee, Patrick G. Mihm, Administrator, Bureau of Workers' Compensation, and the Industrial Commission of Ohio.

BROGAN, Judge.

Lawrence Robinson appeals from the judgment of the Montgomery County Court of Common Pleas holding that R.C. 4123.519 barred his appeal from the order of the Ohio Industrial Commission which terminated his right to receive workers' compensation benefits.

The facts of this case are as follows. Robinson is an employee of the Delco Moraine Division of the General Motors Corporation. In January 1974, he injured his lower back while at work. He received treatment and compensation for the injury through the Workers' Compensation Fund from 1974 to 1978.

In July 1986, Robinson filed an application to reactivate the workers' compensation claim. He did not claim a new accident or injury, but asserted that he "woke up one morning and had difficulty straightening up." On October 27, 1986, the district hearing officer disallowed the claim because "the medical evidence * * * [did] not substantiate any relationship between [Robinson's] present condition and his injury of January 9, 1974." On appeal, both the Dayton Regional Board of Review and the Industrial Commission of Ohio ("commission") affirmed the order of the district hearing officer.

On January 25, 1988, Robinson appealed the decision of the commission to the Montgomery County Court of Common Pleas, which remanded the case to the commission to determine if the appeal was within the court's subject matter jurisdiction pursuant to R.C. 4123.519, *i.e.*, whether the appeal concerned a question regarding the extent of disability.

On December 20, 1989, the commission denied Robinson's appeal, stating that:

"[I]n light of the Claimant's nine-year absence of medical treatment in this claim and his statement that his treatment to his low back in 1984 and 1985 was not work-related, there is insufficient evidence to determine that the Claimant's medical treatment and disability beginning 6–9–86 is causally related to this industrial injury * * *. The Staff Hearing Officers further find that this issue is one as to the Claimant's right to participate in the Workers' Compensation Fund and is a decision other than as to extent of disability *and may be appealed to court pursuant to 4123.519*." (Emphasis added.)

Robinson appealed the commission's second order to the court of common pleas. He then voluntarily dismissed the appeal, and refiled on February 14, 1992. Delco Moraine filed a motion to dismiss, which the trial court granted on October 9, 1992, asserting a lack of subject matter jurisdiction. Robinson filed an appeal on November 5, 1992.

In his sole assignment of error, Robinson asserts that the lower court erred to his prejudice by granting the appellee's motion to dismiss, where he had established a cause of action under R.C. 4123.519.

The trial court found it lacked subject matter jurisdiction over Robinson's appeal. Specifically, the court held that because there was no evidence of a new trauma occurring at home or at work, the appeal involved a question as to the extent of disability.

R.C. 4123.519 governs the appealability of workers' compensation claims and states in pertinent part:

"The claimant or the employer may appeal a decision of the industrial commission * * * in any injury or occupational disease case, *other than a decision as to the extent of disability,* to the court of common pleas * * *." (Emphasis added.)

Although this language appears to be straightforward, Ohio courts have struggled to arrive at a definitive interpretation of what constitutes the right to appeal within the context of the statute. See *Cook v. Mayfield* (1989), 45 Ohio St.3d 200, 543 N.E.2d 787; *State ex rel. Campbell v. Indus. Comm.* (1971), 28 Ohio St.2d 154, 155, 57 O.O.2d 397, 397–398, 277 N.E.2d 219, 220; *Felty v. AT&T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 602 N.E.2d 1141.

The trial court in the case at bar relied on three Supreme Court cases for its holding that Robinson's appeal involved a question as to the extent of liability: *Gilbert v. Midland Ross Corp.* (1981), 67 Ohio St.2d 267, 21 O.O.3d 168, 423 N.E.2d 847; *State ex rel. Roope v. Indus. Comm.* (1982), 2 Ohio St.3d 97, 2 OBR 649, 443 N.E.2d 157; and *Cook, supra.*

The trial court's reliance on *Gilbert* is misplaced because three months prior to the court's judgment granting Delco Moraine's motion to dismiss, the Supreme Court overruled *Gilbert* in *State ex. rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 594 N.E.2d 609. Moreover, we find that *Roope* and *Cook* are not the proper basis for a determination of this case. However, the trial court's determination is supported by *Evans,* which, despite factual differences, provides principles directly applicable to this case.

In *Evans,* the Supreme Court analyzed *Gilbert, Roope,* and *Cook* to determine when a commission decision is appealable under R.C. 4123.419, and set out the following rule:

"[A]n Industrial Commission decision is appealable if the decision is a *final denial* or grant of compensation for a particular claim. It is this test, and not the factual distinction made in *Roope,* that controls whether a decision is subject to appeal pursuant to R.C. 4123.519." (Emphasis added.) *Id.,* 64 Ohio St.3d at 240, 594 N.E.2d at 612.

In discussing what constitutes a final denial, the Supreme Court stated that a refusal by the commission to reactivate benefits under an existing claim "does not finalize the disallowance of the employee's claim because that decision does not foreclose *all* future compensation under that claim." [1] (Emphasis added.) *Evans* at 240, 594 N.E.2d at 612.

The Supreme Court reiterated and attempted to clarify this principle in *Felty, supra,* wherein the court stated:

" * * * the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease. *A decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's 'claim.'* The only action by the commission that is appealable under R.C. 4123.519 is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system." (Emphasis added.) *Id.,* 65 Ohio St.3d at 239, 594 N.E.2d at 612.

The court then specifically held that a decision by the commission to allow or deny additional compensation for a previously allowed condition, when there is no new condition, goes to the extent of the injury and is therefore not appealable. *Id.*

Thus, in *Evans* and *Felty,* the Ohio Supreme Court definitively held that a claimant who attempts to reactivate a previously allowed claim, but who does not assert a new condition, cannot appeal the commission's decision on that claim. Such a claim goes to the extent of the injury and does not constitute a denial of all future compensation for that claim or involve the right to participate in the fund.

In the instant case, Robinson did not allege a new injury, either at home or at work, in his attempt to reactivate his previous claim. The commission's decision did not finalize the disallowance of Robinson's claim because that decision did not foreclose all future compensation under that claim. Thus, the commission's decision was not a final denial of compensation from which Robinson could appeal under R.C. 4123.519.

---

1. The court's footnote in *Evans* states:

"The Industrial Commission retains continuing jurisdiction over a worker's claim for at least six years from the date of injury. R.C. 4123.52. During that period, a worker may apply to reactivate benefits under [an] earlier claim if the injury recurs. *Id.;* Ohio Adm.Code 4121–3–15(B). If the application to reactivate benefits is denied, the claimant is not foreclosed from filing subsequent applications each time the injury recurs."

Therefore, the trial court did not err in granting Delco Moraine's motion to dismiss. Accordingly, Robinson's assignment of error is overruled.

The judgment of the Montgomery County Court of Common Pleas is affirmed.

*Judgment affirmed.*

GRADY, P.J., and FREDERICK N. YOUNG, J., concur.