OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Nutt, Appellant, v. City of Cincinnati; Industrial Commission of Ohio et al., Appellees.
[Cite as State ex rel. Nutt v. Cincinnati (1994),      Ohio St.3d      .]
Workers' compensation -- Denial of further prescription payment -- Industrial Commission's decision not an abuse of discretion when supported by "some evidence."
(No. 93-1900 -- Submitted August 17, 1994 -- Decided October 19, 1994.)
Appeal from the Court of Appeals for Franklin County, No. 92AP-876.

In 1978, appellant-claimant, Michael B. Nutt, was injured in the course of and arising from his employment with the city of Cincinnati. In late 1989, claimant's file was referred to appellee Industrial Commission of Ohio's medical review section to determine claimant's continuing need for two medications -- Fiorinal No. 3 (with codeine) and Valium.

Dr. Baughman of the commission's medical staff stated upon review that:

"* * * [Claimant] has been prescribed Fiorinal No. 3 (with codeine) for several months/years & Valium in the past. Both of these are addicting and therefore potentially harmful to claimant. Therefore, these should be tapered to zero over 4 wks and not thereafter authorized. Claimant has a low back strain with essentially normal X-rays. No addicting medicine should be authorized ever again without prior medical section approval in this case.

"In a claim over 10 years old, 4 office visits per year should be adequate to follow [claimant's] condition." (Emphasis sic.)

In January 1991, a district hearing officer denied further prescription payment, and the order was administratively affirmed.

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying further prescription payment. The appellate court denied the writ. This cause is now before this court upon an appeal as of right.

Kondritzer, Gold, Frank & Crowley Co., L.P.A., and Lane N. Cohen, for appellant.

Lee Fisher, Attorney General, and William J. McDonald, Assistant Attorney General, for appellees.

Per Curiam.  Former R.C. 4123.651(A) stated:

"Any employee who is injured or disabled in the course of his employment shall have free choice to select a licensed physician as he may desire to have serve him, as well as medical, surgical, nursing, and hospital services and attention * * *."

Because this section guarantees a free choice of physicians, claimant argues that the commission must approve and pay, without question, any treatment authorized by that doctor.  We disagree.

Former R.C. 4121.121(P) provided:

"The administrator shall establish and maintain a medical section within the bureau.  The medical section shall do all of the following:

"(1) Assist the administrator in establishing standard medical fees, approving medical procedures, and determining eligibility and reasonableness of the compensation payments for medical, hospital, and nursing services, and in establishing guidelines for payment policies which recognize usual, customary, and reasonable methods of payment for covered services[.]"

Former R.C. 4121.44 provided:

"The administrator of workers' compensation shall adopt rules to ensure that the following requirements are met with respect to any payments made to health care providers for claims pursuant to Chapter 4123. of the Revised Code:

"* * *

"(B) Determine appropriateness of drug charges and doctor bills[.]"

Finally, former R.C. 4123.66 directed:

"In addition to the compensation provided for in this chapter, the administrator of workers' compensation shall disburse and pay from the state insurance fund the amounts for medical, nurse, and hospital services and medicine as he deems proper * * *."  (Emphasis added.)

These statutes clearly empowered the commission and bureau to oversee claim expenditures made to health-care providers. This authority was validated in State ex rel. Campbell v. Indus. Comm. (1971), 28 Ohio St.2d 154, 57 O.O. 2d 397, 277 N.E.2d 219.  There, we upheld the commission's decision to limit the claimant to one chiropractic treatment per month, writing:

"Relator [claimant] contends that as the injured employee of a self-insurer, he has complete freedom of choice in selection of the type and extent of medical services under R.C. 4123.651.  He argues that any restriction of that freedom constitutes an abuse of discretion unless it is shown by clear and convincing evidence that such treatment is not reasonably commensurate with the needs of the injury.

"R.C. 4123.651 does give an injured workman the right to select his own medical and related services.  Additionally,

however, the section provides that '* * * in the event the employee of a self-insurer selects a physician or medical, surgical, nursing, or hospital services rather than have them furnished directly by his employer, the costs of such services, subject to the approval of the commission, shall be the obligation of the employer.'

"In lodging authority in the claimant to select his physician and medical services, the General Assembly also granted broad discretion to the Industrial Commission to approve or disapprove the cost of such services." (Emphasis sic.) Id. at 156-157, 57 O.O.2d at 398, 277 N.E.2d at 221.

Campbell was followed by State ex rel. Breno v. Indus. Comm. (1973), 34 Ohio St.2d 227, 63 O.O. 2d 378, 298 N.E.2d 150. In Breno, the commission declined to order payment for disputed physiotherapy treatments, finding that "'proof of record fails to show the necessity for such extensive and frequest [sic] manipulations.'" Id. at 228, 63 O.O.2d at 378, 298 N.E.2d at 151. Affirming that finding, we held in paragraphs one and two of the syllabus:

"1. Where an injured employee of a self-insured employer seeks additional workmen's compensation, under a previously allowed claim, for unauthorized physiotherapy treatments, and the medical testimony in the record is conflicting as to the necessity and extent of such treatments, the Industrial Commission has not abused its discretion in disapproving the cost for such treatments, and a writ of mandamus will not issue to compel payment.

"2. R.C. 4123.651 does not extend to an injured claimant complete freedom of choice in the selection of the type and extent of medical service, but subjects this freedom to the discretion of the Industrial Commission in approving or disapproving the cost of such treatment."
See, also, State ex rel. Mercy Hosp. Anderson v. Indus. Comm. (1993), 66 Ohio St.3d 263, 611 N.E.2d 821 (commission's right to deny payment for surgery that was not administratively preauthorized upheld).

The cited statutes and cases contradict claimant's assertion that treatment authorized by an attending physician is inviolate. To the contrary, the commission is obligated to address treatment that may be inappropriate, unnecessary or unreasonable. In this case, claimant had been receiving, among other things, Valium for what was then a thirteen-year-old back injury. Dr. Baughman opined that neither Fiorinal nor Valium was an appropriate treatment modality. His report constitutes "some evidence" supporting the commission's decision.

Accordingly, the judgment of the court of appeals is affirmed.

                                    Judgment affirmed.
Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.