THE STATE EX REL. NUTT, APPELLANT, *v.* CITY OF CINCINNATI; INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Nutt v. Cincinnati* (1994), 70 Ohio St.3d 594.]

(No. 93–1900—Submitted August 17, 1994—Decided October 19, 1994.)

Kondritzer, Gold, Frank & Crowley Co., L.P.A., and Lane N. Cohen, for appellant.

Lee Fisher, Attorney General, and William J. McDonald, Assistant Attorney General, for appellees.

Per Curiam. Former R.C. 4123.651(A) stated:

"Any employee who is injured or disabled in the course of his employment shall have free choice to select a licensed physician as he may desire to have serve him, as well as medical, surgical, nursing, and hospital services and attention * * *."

Because this section guarantees a free choice of physicians, claimant argues that the commission must approve and pay, without question, any treatment authorized by that doctor. We disagree.

Former R.C. 4121.121(P) provided:

"The administrator shall establish and maintain a medical section within the bureau. The medical section shall do all of the following:

"(1) Assist the administrator in establishing standard medical fees, approving medical procedures, and determining eligibility and reasonableness of the compensation payments for medical, hospital, and nursing services, and in establishing guidelines for payment policies which recognize usual, customary, and reasonable methods of payment for covered services[.]"

Former R.C. 4121.44 provided:

"The administrator of workers' compensation shall adopt rules to ensure that the following requirements are met with respect to any payments made to health care providers for claims pursuant to Chapter 4123. of the Revised Code:

" * * *

"(B) Determine appropriateness of drug charges and doctor bills[.]"

Finally, former R.C. 4123.66 directed:

"In addition to the compensation provided for in this chapter, the administrator of workers' compensation shall disburse and pay from the state insurance fund the amounts for medical, nurse, and hospital services and medicine *as he deems proper* * * *." (Emphasis added.)

These statutes clearly empowered the commission and bureau to oversee claim expenditures made to health-care providers. This authority was validated in *State ex rel. Campbell v. Indus. Comm.* (1971), 28 Ohio St.2d 154, 57 O.O.2d 397, 277 N.E.2d 219. There, we upheld the commission's decision to limit the claimant to one chiropractic treatment per month, writing:

"Relator [claimant] contends that as the injured employee of a self-insurer, he has complete freedom of choice in selection of the *type* and *extent* of medical services under R.C. 4123.651. He argues that any restriction of that freedom constitutes an abuse of discretion unless it is shown by clear and convincing evidence that such treatment is not reasonably commensurate with the needs of the injury.

"R.C. 4123.651 does give an injured workman the right to select his own medical and related services. Additionally, however, the section provides that ' * ·* * in the event the employee of a self-insurer selects a physician or medical, surgical, nursing, or hospital services rather than have them furnished directly by his employer, the costs of such services, *subject to the approval of the commission,* shall be the obligation of the employer.'

"In lodging authority in the claimant to select his physician and medical services, the General Assembly also granted broad discretion to the Industrial Commission to approve or disapprove the cost of such services." (Emphasis *sic.*) *Id.* at 156–157, 57 O.O.2d at 398, 277 N.E.2d at 221.

*Campbell* was followed by *State ex rel. Breno v. Indus. Comm.* (1973), 34 Ohio St.2d 227, 63 O.O.2d 378, 298 N.E.2d 150. In *Breno,* the commission declined to order payment for disputed physiotherapy treatments, finding that " 'proof of record fails to show the necessity for such extensive and frequest [*sic* ] manipulations.' " *Id.* at 228, 63 O.O.2d at 378, 298 N.E.2d at 151. Affirming that finding, we held in paragraphs one and two of the syllabus:

"1. Where an injured employee of a self-insured employer seeks additional workmen's compensation, under a previously allowed claim, for unauthorized physiotherapy treatments, and the medical testimony in the record is conflicting as to the necessity and extent of such treatments, the Industrial Commission has not abused its discretion in disapproving the cost for such treatments, and a writ of mandamus will not issue to compel payment.

"2. R.C. 4123.651 does not extend to an injured claimant complete freedom of choice in the selection of the type and extent of medical service, but subjects this freedom to the discretion of the Industrial Commission in approving or disapproving the cost of such treatment." See, also, *State ex rel. Mercy Hosp. Anderson v. Indus. Comm.* (1993), 66 Ohio St.3d 263, 611 N.E.2d 821 (commission's right to deny payment for surgery that was not administratively preauthorized upheld).

The cited statutes and cases contradict claimant's assertion that treatment authorized by an attending physician is inviolate. To the contrary, the commission is obligated to address treatment that may be inappropriate, unnecessary or unreasonable. In this case, claimant had been receiving, among other things, Valium for what was then a thirteen-year-old back injury. Dr. Baughman opined that neither Fiorinal nor Valium was an appropriate treatment modality. His report constitutes "some evidence" supporting the commission's decision.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.