OPINION
Plaintiff-appellant, Callie Grant, appeals the decision of the Clermont County Court of Common Pleas dismissing her appeal of the denial of a workers' compensation claim by defendant-appellee, the Industrial Commission of Ohio, and her accompanying complaint. We affirm.
Appellant is employed by defendant-appellee, Ford Motor Company. In 1991, appellant filed with defendant-appellee, the Bureau of Workers' Compensation,[1] a claim for an injury occurring on October 16, 1991. The Bureau found that appellant had a compensable claim, and allowed the claim for "aggravation of a pre-existing right wrist sprain and lower back sprain."
On February 24, 1998, appellant filed with the Bureau an application to reactivate her 1991 claim to receive further treatment of a back condition. At this time, appellant had not received any treatment for her earlier back injury for a number of years. Appellant's application was signed by Irving Warth, M.D., appellant's orthopedic surgeon. The application indicated that appellant was being treated for lumbosacral, or lower back, strain. On April 29, 1998, the Commission district hearing officer ordered that appellant's claim be granted.
Ford appealed this order, and on June 4, 1998, a hearing was held before a Commission staff hearing officer. At this hearing, appellant submitted a May 27, 1998 letter from Warth stating that he was treating appellant for "remissions and exacerbation of severe cervical pain with tenderness and spasms." Appellant's earlier claim had not involved any cervical spine injuries. The staff hearing officer vacated the district hearing officer's order and denied appellant's application to reactivate her claim. The staff hearing officer found that appellant's application was not causally related to her prior claim. Appellant filed an appeal with the Commission which was denied.
On August 11, 1998, appellant filed in the trial court a notice of appeal with an accompanying complaint. The Bureau and the Commission filed their answer on September 10, 1998. On September 14, 1998, Ford filed its answer, and on December 18, 1998, Ford filed a motion to dismiss appellant's appeal and complaint pursuant to Civ.R. 12(B)(6). On January 28, 1999, the trial court filed its entry granting Ford's motion and dismissing appellant's appeal and complaint. Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN GRANTING DEFENDANT APPELLEE, FORD MOTOR COMPANY'S [SIC] MOTION TO DISMISS.
 In her sole assignment of error, appellant contends that the trial court should not have dismissed her appeal and complaint on the basis that appellant had no right to appeal the staff hearing officer's decision. Appellant argues that she had a right of appeal because the decision of the staff hearing officer and the Commission's denial of her appeal effectively terminated her right to participate in the Workers' Compensation Fund ("the Fund") for her prior injury.
A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v.Guernsey (1992), 65 Ohio St.3d 545, 548. In order to dismiss a complaint under Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [her] to recovery." O'Brien v. Univ. Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, syllabus.
The standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. See Greeley v. Miami Valley Maintenance Contrs., Inc.
(1990), 49 Ohio St.3d 228, 229. Under such de novo analysis, the court must accept all factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the non-moving party. Byrd v. Farber (1991), 57 Ohio St.3d 56, 60.
The right to appeal a decision of the Commission concerning a worker's compensation claim is governed by R.C. 4123.512(A):
 The claimant or employer may appeal an order of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted * * *. Like appeal may be taken from an order of a staff hearing officer * * * from which the commission has refused to hear and appeal.
 In a case such as the present appeal, it must be determined whether the decision of the staff hearing officer concerned the "extent of disability," in which there would be no right of appeal, or "the right to participate" in the Fund, in which case there would be a right to appeal. Only if the decision of the staff hearing officer finalizes the allowance or refusal of an employee's claim will the court of common pleas have jurisdiction over the appeal. State ex rel. Evans v. Industrial Commission of Ohio (1992), 64 Ohio St.3d 236, paragraph one of the syllabus, rehearing denied, 65 Ohio St.3d 1413.
In Zavatsky v. Stringer (1978), 56 Ohio St.2d 386, the Supreme Court of Ohio set forth the tests for determining when the court of common pleas may hear an appeal from a decision of the Commission:
 An order of the Industrial Commission, which either denies or allows a claimant the right to participate in the Workers' Compensation Fund for injury to a specific body part or parts of the body involving loss or impairment of bodily functions on the basis that such was or was not the result of a compensable injury, is a decision other than one as to the extent of disability and, thus, pursuant to [former] R.C. 4123.519 [now R.C. 4123.512], may be appealed to the Court of Common Pleas by the claimant in the event of such a denial, or by the employer in the event of such an allowance.
 Id., paragraph one of the syllabus.
 A determination of "extent of disability" under [former] R.C. 4123.519 [now R.C. 4123.512] presupposes that a claimant has been allowed the "right to participate" in the Worker's Compensation Fund for injury to a specific body part or parts of the body involving the loss or impairment of bodily functions. The decision of the Industrial Commission as to "extent of disability" constitutes a determination of the basis for the computation of the compensation or benefits payable under the provision of the workers' compensation law for those losses or impairments of bodily functions allowed as compensable injuries.
 Id., paragraph two of the syllabus. If a claimant is only attempting to reactivate a previously allowed claim, without asserting a new condition, the claimant may not appeal the Commission's decision on that claim:
 Such a claim goes to the extent of the injury and does not constitute a denial of all future compensation for that claim or involve the right to participate in the Fund.
 Robinson v. Mihm (1993), 92 Ohio App.3d 127, 130, cause dismissed (1994), 68 Ohio St.3d 1478.
 The only action by the Commission which may be appealed is the "essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system." Thomas v. Conrad (1998), 81 Ohio St.3d 475, 478, rehearing/reconsideration denied, 82 Ohio St.3d 1434.
In the present case, it is clear that appellant was attempting to reactivate her 1991 claim, not assert a new condition for which she would have a right to participate in the Fund. In her application, appellant was seeking to reactivate benefits based upon her 1991 claim. Thus, the issue before this court is whether the decision of the staff hearing officer effectively terminated appellant's right to participate in the Fund for any future injuries causally related to her 1991 claim.
We find that the staff hearing officer's decision did not terminate appellant's rights in this regard. The staff hearing officer's order clearly finds that appellant's application is not causally related to her earlier claim. There was before the staff hearing officer evidence that appellant's new application was for cervical spine injuries, not appellant's lumbosacral injuries in 1991. As such, appellant would not have a valid basis to reactivate her earlier claim.
The staff hearing officer's order does not imply that appellant may never again recover for any injuries arising out of her 1991 injury. The order neither states nor implies that appellant is fully healed or that appellant may never suffer any disability due to her earlier lower back injuries. The staff hearing officer's order does not terminate appellant's right to participate in the Fund. The order finds only that appellant may not recover under her 1991 claim for the cervical injuries she is now asserting.
We find that the staff hearing officer and the Commission did not terminate appellant's right to participate in the Fund for her 1991 claim. Therefore, the trial court properly dismissed appellant's appeal and complaint. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.
[1] Ford Motor Company will be referred to as "Ford," the Industrial Commission of Ohio as "the Commission," and the Bureau of Workers Compensation as "the Bureau."