Lundberg Stratton, J.
Three issues are presented for our review: (1) Does the commission have jurisdiction to adjudicate claims for medical costs? (2) Was the commission required to deny Sheets surgical authorization by its then-current policy concerning Steffee plating procedures? and (3) Should this cause be returned to the commission for further review? For the reasons that follow, we hold that (1) the commission is authorized to approve or disapprove of claimants’ medical costs, (2) the BWC’s Steffee plating policy was merely a guideline and not absolutely binding, and (3) the commission’s order is supported by evidence of record and needs no further review. Accordingly, we affirm the judgment of the court of appeals and deny the writ of mandamus.

Jurisdiction

Sugardale did not object or appeal when the court of appeals initially returned this cause to the commission to review the effect of its policy of refusing to authorize Steffee plating; however, it now contends that the commission lacks jurisdiction to adjudicate disputes over medical cost authorization. We consider *386 this argument because it attacks the commission’s subject matter jurisdiction, and subject matter jurisdiction cannot be waived. In re Byard (1996), 74 Ohio St.3d 294, 296, 658 N.E.2d 735, 737. But we are not persuaded.
Based on a variety of statutes, we have consistently held that the BWC and the commission share the power to oversee and determine the reasonableness and necessity of health care expenditures. State ex rel. Miller v. Indus. Comm. (1994), 71 Ohio St.3d 229, 231-232, 643 N.E.2d 113, 115; State ex rel. Campbell v. Indus. Comm. (1971), 28 Ohio St.2d 154, 57 O.O.2d 397, 277 N.E.2d 219. And as the commission points out, its district hearing officers continue to have original jurisdiction under R.C. 4121.34(B)(3) in all “contested claims matters” (other than those belonging to staff hearing officers) arising under R.C. Chapter 4123, which must include claims for medical costs under R.C. 4123.66. Correspondingly, R.C. 4123.511(C) specifically requires the commission to refer to district hearing officers contested claims against self-insured employers.
Sugardale’s claimed authority for challenging the commission’s jurisdiction to review medical cost claims is R.C. 4121.121(B)(16)(a) and (17), formerly 4121.121(P)(1) and (Q). Section (B)(16)(a) empowers the BWC administrator to establish a medical section to help standardize medical fees, approve medical procedures, determine eligibility and reasonableness of medical costs, and produce guidelines for payment policies that recognize the usual, customary, and reasonable methods of payment for covered services. Section (B)(17) enables the administrator to appoint panels to review and advise in disputes arising when a health care service has been determined not to be covered or to be medically unnecessary.
Sugardale claims that these statutes have dispensed with all commission review in medical cost claims because, in describing the peer review panels for such matters, Ohio Adm.Code 4123-7-27(K) specifies that “[t]he panel may conduct an informal hearing, and shall advise the administrator, whose decision shall be final.” However, we are not convinced that by authorizing panels to assist the administrator, the General Assembly empowered the BWC to pass a rule superseding, by a single line, the statutory and common law that has for years recognized the commission’s power to review medical cost claims. Instead, we consider Sheets’s explanation the more likely representation of legislative intent — that Ohio Adm.Code 4123-7-27(K) refers to the administrator’s decision being final, but only relative to the peer review panel’s recommendation.
Accordingly, we reject Sugardale’s proposition that the commission lacked jurisdiction over Sheets’s request for surgical authorization.

The Commission’s Policy and Order

Sugardale also insists that the commission could not authorize a self-insured employer to pay for Sheets’s procedure in the face of the BWC’s former policy to *387 deny State Fund claims for Steffee plating surgery and the uniform processing requirements of R.C. 4121.31(A)(3). We disagree.
The BWC’s policy of denying authorization for procedures that are experimental or not FDA-approved, which generated the policy to deny Steffee plating procedures, was implemented pursuant to R.C. 4123.32(D). That statute describes such policies as “guidelines” and specifies that they are not administrative rules as defined by R.C. 119.01. Thus, the policy of denying payment for Steffee plating surgery is not so legally binding that it cannot be set aside. Rather, the policy could reasonably be disregarded when medical evidence removes the usual justification for rejecting these claims.
Thus, as long as the BWC does not discriminate against self-insured employers by always requiring them to pay for surgeries such as the Steffee plating procedure, but refusing to authorize such surgeries in State Fund claims, the BWC is within its rights to lift its policy whenever it sees fit. And here, there is no compelling evidence of discrimination. As the court of appeals’ magistrate observed, the BWC’s peer review committee authorized payment of this procedure in the case of Alan Wagner’s State Fund claim, and that evidence undercuts Sugardale’s conspiracy theory.
The question remaining is whether we should give this cause back to the commission again to see if the misimpression that Sheets’s claim was subjected to peer review made a difference in authorizing his surgery. We agree with the court of appeals that further review is unnecessary.
The commission may have been mistaken about who received peer review approval for a Steffee plating procedure; however, the fact that the approval was given to someone is still some evidence of its medical legitimacy, as well as a basis for authorizing it, the usual policy notwithstanding. Moreover, the policy of denying Steffee plating authorization was abandoned in 1996, shortly after Sheets’s surgery, and the commission has already determined that “all medical evidence on file supports the claimant’s request for surgery with Steffee plating.” Based on this evidence, the conclusion that Sheets’s surgery was reasonable and necessary is all but inevitable. We simply cannot countenance adding yet another layer of review to stave off this foregone conclusion.
The court of appeals’ judgment, therefore, is affirmed.

Judgment affirmed and writ denied.

Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.
Moyer, C.J., and Cook, J., dissent.