DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment that dismissed the complaint that Joseph A. Plashek, plaintiff below and appellant herein, filed against Marsha P. Ryan, the administrator of the Ohio Bureau of Workers' compensation, defendant below and appellee herein, after the Industrial Commission denied appellant's request to reactivate his case to receive compensation for chiropractic treatment. The trial court determined that appellant's complaint did not *Page 2 
involve a "right to participate" issue, but instead involved an "extent of injury" question, which is not appealable to the trial court.
 {¶ 2} Appellant raises the following assignments of error for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION UNDER CIV.R. 12(B)(1)."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER CIV.R. 12(B)(6)."
 {¶ 3} In 1988, appellant suffered a work-related injury for which he received workers' compensation benefits for "contusion left foot; and sprain lumbar region." The claim subsequently was amended to include "lumbar disc displacement L5-S1" as an additional condition. Appellant participated in workers' compensation and received treatment for these conditions from 1988 until June 4, 2004.
 {¶ 4} In February 2007, appellant sought to reactivate his claim and requested chiropractic care. The Managed Care Organization (MCO) assigned to appellant's claim denied his request. The MCO determined that the treatment sought was not related to the 1988 injury. Appellant then appealed the decision, which the Industrial Commission ultimately denied.
 {¶ 5} On September 10, 2007, appellant filed a notice of appeal in the trial court from the Industrial Commission's decision to deny his appeal from the decision to disallow his request to reactivate his claim. Appellant alleged that the decision denied *Page 3 
him "the continuing right to participate in the Ohio Workers' Compensation Fund."
 {¶ 6} Appellee filed a motion to dismiss appellant's complaint and asserted that the trial court lacked subject matter jurisdiction because appellant's claim did not involve a "right to participate" issue, but instead constituted an issue regarding the extent of his injury.
 {¶ 7} The trial court granted appellee's motion to dismiss appellant's appeal. The court determined that appellant failed to set forth a cognizable cause of action and that appellant could not prove any set of facts that would entitle him to relief. The court reasoned that R.C. 4123.512(A) "prevents extent of injury claims from being appealed to the [trial court]."
 {¶ 8} In his two assignments of error, appellant contends that the trial court improperly dismissed his complaint.[1] Specifically, appellant argues that the trial court wrongly concluded that his complaint did not involve a "right to participate" issue and, thus, that it lacked jurisdiction over the matter.
 A STANDARD OF REVIEW {¶ 9} When ruling on a Civ. R. 12(B)(1) motion to dismiss for lack of subject-matter *Page 4 
jurisdiction, a trial court must determine whether the claim raises any action cognizable in that court. See State ex rel. Bush v. Spurlock
(1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641; Roll v. Edwards,156 Ohio App.3d 227, 2004-Ohio-767, 805 N.E.2d 162, at ¶ 15. A trial court may grant the motion to dismiss only if the claim fails to raise any issue cognizable in that court. An appellate court that reviews a trial court's judgment regarding a motion to dismiss for lack of subject-matter jurisdiction must determine, as a matter of law, whether the trial court erred by holding that the claim did not state any action cognizable in that court. Milhoan v. E. Local School Dist. Bd. ofEdn., 157 Ohio App.3d 716, 2004-Ohio-3243, 813 N.E.2d 692. When reviewing a Civ. R. 12(B)(1) motion to dismiss, a trial court is not limited to the allegations of the pleadings but instead may consider extraneous evidence. See Southgate Dev. Corp. v. Columbia Gas Transm.Corp. (1976), 48 Ohio St.2d 211, 358 N.E.2d 526, paragraph one of the syllabus (stating that "[t]he trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ. R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment").
 {¶ 10} When considering a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a court must presume that all factual allegations contained in a complaint are true and must construe all reasonable inferences in favor of the nonmoving party. State ex rel. Talwar v. State Med. Bd. of Ohio,104 Ohio St.3d 290, 819 N.E.2d 654, 2004-Ohio-6410, at ¶ 5; Perez v. Cleveland (1993),66 Ohio St.3d 397, 399, 613 N.E.2d 199; Mitchell v. Lawson Milk Co.
(1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. Dismissal is proper only if it appears beyond doubt that a plaintiff can *Page 5 
prove no set of facts that would entitle him to relief. Maitland v. FordMotor Co., 103 Ohio St.3d 463, 816 N.E.2d 1061, 2004-Ohio-5717, at ¶ 11; York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144,573 N.E.2d 1063; O'Brien v. University Community Tenants Union,Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus. Appellate courts review dismissals for failure to state a claim de novo.Clemets v. Heston (1985), 20 Ohio App.3d 132, 133, 485 N.E.2d 287;Walters v. Ghee (Apr. 1, 1998), Ross App. No. 96CA2254. In other words, appellate courts afford no deference whatsoever to a trial court's decision and independently review the complaint to determine if the Civ. R. 12(B)(6) requirements have been satisfied. Unlike a Civ. R. 12(B)(1) motion to dismiss, when a trial court considers a Civ. R. 12(B)(6) motion to dismiss, it may only consider the allegations of the pleadings and may not consider extraneous evidence.[2] See State exrel. Fuqua v. Alexander (1997), 79 Ohio St.3d 206, 207, 680 N.E.2d 985;State ex rel. The V. Cos. v. Marshall (1998), 81 Ohio St.3d 467, 470,692 N.E.2d 198.
 B WORKERS' COMPENSATION APPEALS {¶ 11} Under R.C. 4123.512(A), [3] an injured worker may only appeal a decision *Page 6 
involving the "right to participate" in the workers' compensation fund. See White v. Conrad, 102 Ohio St.3d 125, 2004-Ohio-2148, 807 N.E.2d 327, at ¶ 10-13; State ex re l. Liposchak v. Indus. Comm. (2000),90 Ohio St.3d 276, 278-279, 737 N.E.2d 519; Felty v. AT T Technologies,Inc. (1992), 65 Ohio St.3d 234, 239, 602 N.E.2d 1141. The only right-to-participate question that is subject to judicial review is "whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment." Liposchak,90 Ohio St.3d at 279; Felty, paragraph two of the syllabus; Afrates v. Lorain (1992),63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus;State ex rel. Evans v. Indus. Comm. (1992), 64 Ohio St.3d 236,594 N.E.2d 609. A decision regarding the extent of a claimant's disability is not appealable to the common pleas court, but instead must be challenged in an action for mandamus. Liposchak; Thomas v. Conrad
(1998), 81 Ohio St.3d 475, 477, 692 N.E.2d 205; Felty, paragraph two of the syllabus.
 {¶ 12} "An Industrial Commission decision does not determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim." Evans, paragraph one of the syllabus. "The Industrial Commission's decision to grant or deny additional benefits under an existing claim does not determine the worker's right to participate in the State Insurance Fund, and is not subject to appeal pursuant to [former] R.C. 4123.519." Id., paragraph two of the syllabus.
 {¶ 13} In the case at bar, appellant does not dispute the accuracy of the foregoing caselaw. Instead, he submits that the decision to deny his request to reactivate his claim for chiropractic treatment in effect finalized the disallowance of his *Page 7 
claim. However, in Evans, the Ohio Supreme Court explicitly held:
 "The Industrial Commission's refusal to reactivate benefits under an existing claim does not finalize the disallowance of the employee's claim because that decision does not foreclose all future compensation under that claim. For this reason, the Industrial Commission's decision to deny or grant additional benefits under a previous claim does not determine the worker's right to participate in the State Insurance Fund, and is not subject to appeal pursuant to R.C. 4123.519."
Id. at 240 (footnote omitted)
 {¶ 14} Under the explicit holding of Evans, we conclude that appellant cannot appeal the decision to deny him additional benefits for chiropractic treatment under a previously allowed claim. The decision does not permanently foreclose appellant from receiving further benefits under the claim. Rather, it only denies him benefits for this particular treatment. See Felty v. AT T Technologies, Inc. (1992),65 Ohio St.3d 234, 239-240, 602 N.E.2d 1141 (stating that "requests by a litigant for additional activity in a case, for temporary suspension of a claim, or for one of the myriad interlocutory orders the commission may issue in administering a case are not `claims.' For example, a decision by the commission to allow or deny additional compensation for a previously allowed condition when there is no new condition is not appealable because it goes to the extent of the injury — there is no new claim");State ex rel. Campbell v. Industrial Comm. (1971), 28 Ohio St.2d 154,155-156, 277 N.E.2d 219 (stating that "an order of the Industrial Commission which is not an absolute denial of a claim going to the basis of a claimant's right to participate, or to continue to participate, in the [Workers'] Compensation Fund is `a decision as to the extent of disability' within the meaning of [former] R.C. 4123.519").
 {¶ 15} Robinson v. Mihm (1993), 92 Ohio App.3d 127, 634 N.E.2d 631, contains *Page 8 
similar facts and analysis. In that case, the claimant injured his back in 1974, and received workers' compensation benefits through 1978. In 1986, he sought to reactivate the claim. He did not allege a new injury, but instead claimed that he woke up one morning and had difficulty straightening his body. The hearing officer disallowed the claim, finding that "the medical evidence * * * [did] not substantiate any relationship between [Robinson's] present condition and" his prior work-related injury. Id. at 128. After further administrative appeals proved unsuccessful, Robinson appealed to the trial court. The trial court subsequently dismissed the appeal for lack of subject matter jurisdiction. The court determined that the matter involved Robinson's extent of injury and not his right to participate in the workers' compensation fund.
 {¶ 16} On appeal, Robinson asserted that the trial court wrongly concluded that it lacked subject matter jurisdiction. The appellate court disagreed, stating:
 "* * * [I]n Evans and Felty, the Ohio Supreme Court definitively held that a claimant who attempts to reactivate a previously allowed claim, but who does not assert a new condition, cannot appeal the commission's decision on that claim. Such a claim goes to the extent of the injury and does not constitute a denial of all future compensation for that claim or involve the right to participate in the fund.
 In the instant case, Robinson did not allege a new injury, either at home or at work, in his attempt to reactivate his previous claim. The commission's decision did not finalize the disallowance of Robinson's claim because that decision did not foreclose all future compensation under that claim. Thus, the commission's decision was not a final denial of compensation from which Robinson could appeal under R.C. 4123.519."
Id. at 130.
 {¶ 17} Similarly, in the case at bar, appellant does not allege a new injury in an attempt to reactivate his claim. Instead, he seeks additional benefits under a previously *Page 9 
allowed claim. As Evans states, this is an "extent of injury" issue that is not appealable to the common pleas court. Although we understand appellant's frustration, absent other direction from the Ohio Supreme Court, we believe that this result is required. We, however, welcome further scrutiny in this matter.
 {¶ 18} Accordingly, based upon the foregoing reasons, we overrule appellant's two assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Kline, J. McFarland, J.: Concur in Judgment Opinion For the Court
[1] Initially, we note that appellant fails to separately argue his two assignments of error as App. R. 16 requires. App. R. 16(A)(7) requires a separate argument for each assignment of error. The failure to comply with the rule allows us to disregard the assignments of error and affirm the trial court's decision. See App. R. 12(A)(2); Mortgage ElectronicRegistrations Sys. v. Mullins, 161 Ohio App.3d 12, 829 N.E.2d 326,2005-Ohio-2303, at ¶ 22; Park v. Ambrose (1993), 85 Ohio App.3d 179,186, 619 N.E.2d 469. Although appellant failed to comply with App. R. 16(A)(7), we will nonetheless consider his assignments of error.
[2] To the extent that the trial court improperly considered extraneous evidence when ruling on the motion under the Civ. R. 12(B)(6) standard, we believe that appellant, by stipulating to the admissibility of the evidence, invited any error. See State ex rel. The V Cos. v.Marshall (1998), 81 Ohio St.3d 467, 471, 692 N.E.2d 198.
[3] R.C. 4123.512(A) provides that a "claimant * * * may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in an injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted * * *." *Page 1